PER CURIAM.
We have before us an emergency petition of The Florida Bar Juvenile Court Rules Committee (“the Committee”) to amend the Florida Rules of Juvenile Procedure to conform to statutory changes that become effective October 1, 1998.[1] Chapter 98-403, Laws of Florida, substantially reorganizes and amends Chapter 39, Florida Statutes (“Proceedings Relating to Children”), especially in regard to dependency and termination of parental rights proceedings. For example, Chapter 98-403, section 23, Laws of Florida, amends section 39.40, Florida Statutes (1997), renumbering it as section 39.013, to provide that at each stage of Chapter 39 proceedings, the court shall advise specified persons of the right to counsel, and addresses the appointment of counsel in cases of indigency. The 1998 statutory changes also require that any order placing a child in shelter care must contain certain written findings, such as a finding that the court notified the parents or legal custodians of the subsequent dependency proceedings, including scheduled hearings, and of the importance of the active participation of the parents or legal custodians in those subsequent proceedings and hearings. See ch. 98^103, § 58, Laws of Fla. (amending section 39.402(7)(b), Florida Statutes (1997), to appear as section 39.402(8)©).
We find that the majority of the Committee’s proposed amendments are necessary to conform with the 1998 statutory changes, as reflected in the amended versions of rule 8.201(a); rule 8.210(a); rule 8.215(c); rule 8.225(a)(1), (b)(3), (c)(1), (c)(2), and (c)(4)(D); rule 8.245(a)(1); rule 8.250(b); rule 8.290(a)(1); rule 8.305(a), (a)(2), (a)(3), (a)(6), (b)(1), (b)(4), (b)(6)(D), (b)(7)-(9), (c)(3), and (c)(6)-(7); rule 8.310(a)(2) and (a)(4)-(5); rule 8.315(d); rule 8.320(a)(l)-(2); rule 8.325(a)-(c); rule 8.340(a) and (c)(5)-(6); rule 8.345(b); rule 8.400(a), (a)(2), (a)(3)(B), and (c); rule 8.410(a), (b)(3)-(4), (c), and (e); rule 8.415(a)-©; rule 8.505(a)(2), (a)(7), and (b); rule 8.510(a)(3) and (b); rule 8.515(a)(2) and (a)(4)-(5); rule 8.520(d); rule 8.525(i)(A); and rule 8.535(c). We accordingly adopt the Committee’s proposed amendments to these rules (with minor modifications to more closely track the language in the 1998 statutory changes) as set forth in the appendix to this opinion.
We further note that the Committee has also taken this opportunity to clarify and correct certain rules in ways not necessitated by the 1998 statutory changes. For example, the Committee proposes deleting all references to the Department of Health and Rehabilitative Services (“HRS”), which was abolished several years ago. See, for example, the amended versions of rules 8.255(a) and 8.305(d). Similarly, the Committee proposes striking outdated language regarding treatment plans, disposition hearings, and the representation of HRS by the state attorney’s office in dependency matters. See the existing versions of rules 8.340(c), 8.530, and 8.310(a)(5), respectively.
The Committee further proposes combining several of the rules concerning participation (or lack thereof) in the preparation of case plans, thus allowing for the complete deletion of existing rule 8.405. Also, although not mandated by any specific portion of the 1998 statutory changes, the Committee proposes deleting existing rule 8.245(a)(3), regarding reciprocal discovery entitlements of petitioners, to foster the goal of promoting liberal discovery early in the proceeding in order to facilitate meaningful mediation and case negotiations.
*297 We adopt, without comment, the majority of the Committee’s proposed clarifying and corrective amendments, as reflected in the amended versions of rule 8.000; rule 8.225(a)(3), (a)(3)(C), and (a)(4)(A)(iv); rule 8.240(b); rule 8.245(b)(2), (e)(2)(D), and (c)(3)(B); rule 8.255(a) and (c); rule 8.305(d); rule 8.310(a)(5); rule 8.330(a), (c), and (g); rule 8.340(c); and rule 8.500(a)(2), (b)(3), and (g)(2). We find, however, that the following proposed rule amendments are neither mandated by the 1998 statutory changes nor merely clarifying or corrective, and therefore decline to adopt them on an emergency basis at this time.
First, the Committee proposes striking from existing rule 8.205(b) the clause “when a stipulation under rule 8.325(d) has been accepted.” The proposed striking of this language is not mandated by the 1998 statutory changes, is otherwise unexplained by the Committee, and may be substantive in nature.
Second, the Committee proposes inserting into existing rule 8.210(b) the clause “providers under contract with the department for foster care and related services.” Again, the proposed addition of this language is not specifically mandated by the 1998 statutory changes. Additionally, this clause appears superfluous, as it presumably falls within the subsequent “catch all” language in the rule allowing the participation of “any other person whose participation may be in the best interest of the child.” We therefore decline to adopt this proposed amendment. However, we adopt the remaining proposed amendment to rule 8.210(b) that adds the words “or caregivers,” finding such amendment to be mandated by the 1998 statutory changes.
Third, the Committee proposes striking the clause in existing rule 8.345(a), “the parent, guardian, or any interested person,” and replacing it with the words “any party.” Again, this change is not mandated by the 1998 statutory changes and the Committee offers no explanation for it. Furthermore, the proposed replacement language is more restrictive than the existing language (i.e., the words “any party” do not necessarily include “any interested person”). We therefore decline to adopt this proposed amendment. However, we adopt the remaining proposed amendment to rule 8.345(a), which deletes a reference to HRS.
Fourth, the Committee proposes striking language at ‘ the end of existing rule 8.400(a)(1) that reads “which shall include but not be limited to the attorney representing the department, the department counsel- or, the parent(s), counsel for the parent, if represented, the guardian ad litem, and, when appropriate, the child.” Again, the proposed striking of this language is not mandated by the 1998 statutory changes, no explanation is contained for its deletion, and we are reluctant to strike it. We therefore decline to adopt this proposed amendment. However, we adopt the remaining proposed amendments to 8.400(a)(1) regarding the filing of a current ease plan prepared in conference by certain specified persons, finding such rule amendments to track the 1998 statutory changes.
Finally, the Committee proposes adding to the end of existing rule 8.520(d) the clause “unless excused by the court for good cause shown.” Again, the proposed addition of this language is not contained within the 1998 statutory changes and is not otherwise explained by the Committee. In declining to adopt this clause, we express no opinion as to whether or not the courts otherwise possess the authority to excuse a nonappearance for good cause shown. We adopt the remaining proposed amendments to rule 8.520(d) regarding personal appearance, finding that such amendments track the language of the 1998 statutory changes. See ch. 98-403, § 83, Laws of Fla. (amending section 39.462(l)(d), Florida Statutes (1997), and renumbering it as section 39.801(3)(d)).
In closing, we note that due to the necessity of adopting these rules to coincide with the October 1,1998, effective date of the 1998 statutory changes, there was insufficient time for our normal procedure of publishing the proposed rule amendments in The Florida Bar News for comments. We therefore adopt on an emergency basis the proposed amendments to the rules and accompanying forms as set forth in the attached appendix, effective October 1, 1998. By our adoption of the amendments and forms, we express no opin *298 ion on the substance of the rules or statutes, nor on the merits of any matter contained in the 1998 statutory changes. Except where indicated in this opinion, the rules and forms are as proposed by the Committee and approved by the Board of Governors of The Florida Bar. New language is indicated by underscoring; deletions are indicated by strike-through type. Interested persons may file comments to the amended rules and forms by November 1,1998.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
Rule 8.000. SCOPE AND PURPOSE
These rules shall govern the procedures in the juvenile division of the circuit court in the exercise of its jurisdiction under the Florida Juvenile Justice Actlaw.
Part I of these rules governs the procedures for delinquency cases in the juvenile court. Part III governs the procedures for families and children in need of services cases in the juvenile court. The Department of Juvenile Justice shall be referred to as the “department” in these parts.
Part II of these rules governs the procedures for dependency cases in the juvenile court. The Department of Children and Family Services shall be referred to as the “department” in that part.
Theyse rules are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure and may be cited as Fla.R.Juv.P.
When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular.
Committee Notes
1991 Amendment. All rules have been edited for style and to remove gender bias. The rules have been reorganized and renumbered to correspond to the types and stages of juvenile proceedings. Cross-references have been changed accordingly.
1992 Amendment. Scope and Purpose, previously found in rules 8.000, 8.200, 8.600, and 8.700, has been consolidated into one rule. Designations of subparts within the delinquency part of the rules have been changed accordingly. Reference to the civil rules, previously found in rule 8.200, has been removed because the rules governing dependency and termination of parental rights proceedings are self-contained and no longer need to reference the Florida Rules of Civil Procedure.
PART II. DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS PROCEEDINGS
A. GENERAL PROVISIONS
Rule 8.201. COMMENCEMENT OF PROCEEDINGS
(a) Dependency.-All dependency proceedings shall be initiated by the filing of: Commencement of Proceedings. Proceedings are commenced when:
(1) a request to take info-cusfod-yan initial shelter petition is filed;
(2) a detention-petition; ora child is taken into custody by an authorized agent of the department or a law enforcement agency;
(3) a petition alleging dependency? is filed; or
(b) Termination- of Parental-Rights. A termination of'parental rights-proceeding shall-be-initiated by(4) the i'iiiug-of a petition for termination of parental rights is filed.
(e)(b) File to Be Opened. Upon commencement of any dependency or termination of parental rights proceeding, the clerk shall open a file and assign a case number.
*299 Rule 8.205. TRANSFER OF CASES
(a) Transfer of Cases Within Circuit Court. If it should appear at any time in a proceeding initiated in a division other than the juvenile division of the circuit court that facts are alleged that essentially constitute a dependency or the termination of parental rights, the court may upon consultation with the administrative judge assigned to juvenile cases order the transfer of action and the transmittal of all relevant papers to the juvenile division. The juvenile division shall then assume jurisdiction only over matters pertaining to dependency, custody, visitation, and child support.
(b) Transfer of Cases Within the State of Florida. The court may transfer any case after adjudication, when adjudication is withheld, when a stipulation under rule 8.325(d) has been accepted, or before adjudication where witnesses are available in another jurisdiction, to the circuit court for the county in which is located the domicile or usual residence of the child or such other circuit as the court may determine to be for the best interest of the child and to promote the efficient administration of justice. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing all parties, the clerk, and the state attorney of the receiving court a copy of the order of transfer within 5 days. The clerk shall also transmit a certified copy of the file to the receiving court within 5 days.
(c) Transfer of Cases Among States. If it should appear at any time that an action is pending in another state, the court may transfer jurisdiction over the action to a more convenient forum state, may stay the proceedings, or may dismiss the action.
Committee Notes
1992 Amendment. Plans under rule 8.327 were deleted in the 1991 revision to the rules, but are being reinstated as “stipulations” in the 1992 revisions. This change corrects the cross-reference.
Rule 8.210. PARTIES
(a)Definitions. For the purpose of these rules the terms “party” and “parties” shall include the petitioner, the child, the parent(s) or legal custodian of the child, the department, and the guardian ad litem or the representative of the guardian ad litem program, when the program has been appointed.
(b) Additional Participants. “Participant” means any person who is not a party but who should receive notice of hearings involving the child. Participants include foster parents or caregivers, identified prospective parents, actual custodians of the child, grandparents entitled to priority for adoption consideration as provided by law, the state attorney, and any other person whose participation may be in the best interest of the child. The court may add additional participants. Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene.
Committee Notes
1991 Amendment, (b) This section provides a mechanism to allow the Department of Health and Rehabilitative Services or the state attorney to become parties on notice to all other parties and the court.
1992 Amendment. Subdivision (b) allows additional parties, which should fall within the definition of “parties.” Sections 39.405(4)(b) and 39.437(4)(b), Florida Statutes, require service of summons upon the “actual custodians.” The result of the present rule is that in many instances relatives become parties. In almost all termination of parental rights cases, the foster parents would become parties. If custodians should be parties in a particular case, rule 8.210(b) would allow them to be parties.
Rule 8.215. GUARDIAN AD LITEM
(a) Request. At any stage of the proceedings, any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent.
(b) Appointment. The court shall appoint a guardian ad litem to represent the child in any proceeding as required by law and shall ascertain at each stage of the proceeding whether a guardian ad litem has been appointed.
(c) Duties and Responsibilities. The guardian ad litem shall be an attorney, or ether a responsible adult, or a certified *300 guardian ad litem program, and shall have the following responsibilities:
(1) To investigate the allegations of the petition and any subsequent matters arising in the case and, unless excused by the court, to file a written report. This report shall include a statement of the wishes of the child and the recommendations of the guardian ad litem and shall be provided to all parties and the court at least 48 hours prior to the hearing for which the report is prepared.
(2) To be present at all court hearings unless excused by the court.
(3) To represent the interests of the child until the jurisdiction of the court over the child terminates, or until excused by the court.
(4) To perform such other duties and undertake such other responsibilities as the court may direct.
(d) Bond. A guardian ad litem shall not be required to post bond but shall file an acceptance of the office.
(e) Service. A guardian ad litem shall be entitled to receive service of pleadings and papers as provided by rule 8.225.
(f) Practice of Law by Lay Guardians. The duties of lay guardians shall not include the practice of law.
(g) Substitution or Discharge. The court, on its own motion or that of any party, including the child, muy substitute or discharge the guardian ad litem for reasonable cause.
Committee Notes
1991 Amendment, (c)(1) This section allows a report to be submitted before any hearing, not only the disposition hearing.
RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a dependency petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified not less than 24 72 hours after service of the summons. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party or the petitioner, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, and other tangible objects at any hearing. Subpoenas may be served within the state by any person over 18 years of age who is not a party to the proceeding. In dependency proceedings, subpoenas also may be served by authorized agents of the department.
(3) Service of Summons and Other Process to Persons Residing in the State. The summons and other process shall be served upon all parties other than the petitioner as required by law. The summons may be served by authorized agents of the department or the guardian ad litem.
(A) Service by publication shall not be required for dependency hearings.
(B) The failure to serve a party or give notice to a participant in a dependency hearing shall not affect the validity of an order of adjudication or disposition if the court finds that the petitioner has completed a diligent search.
(C) Personal appearance of any person in a dependency hearing before the court eliminates the requirement for serving process upon that person.
(4) Service of Summons and Other Process to Persons Residing Outside of the State in Dependency Proceedings.
(A) Service of the summons and other process on parents, parties, participants, petitioners, or persons outside this state shall be in a manner reasonably calculated to give actual notice, and may be made:
(i) by personal delivery outside this state in a manner prescribed for service of process within this state;
(ii) in a manner prescribed by the law of the place in which service is made for service of process in that place in an action in any of its courts of general jurisdiction;
*301 (iii) by any form of mail addressed to the person to be served and requesting a receipt; or
(iv) as directed by the court, including by publication if other means of notification are ineffective. Service by publication shall not be required for dependency hearings.
(B) Notice under this rule shall be served, mailed, delivered, or published at least 20 days before any hearing in this state.
(C) Proof of service outside this state may be made by affidavit of the person who made the service or in the manner prescribed by the law of this state, the order pursuant to which the service is made, or the law of the place in which the service is made. If service is made by mail, proof may be in a receipt signed by the addressee or other evidence of delivery to the addressee.
(D) Personal appearance of any person in a hearing before the court eliminates the requirement for serving process upon that person.
(b) Diligent Search.
(1) Identity or Residence Unknown. If the identity or residence of a parent or legal custodian is unknown, the petitioner or the department shall undertake a diligent search as required by law.
(2) Affidavit of Diligent Search. If the identity or residence of a parent or legal custodian is unknown after the diligent search has been completed, the petitioner or department shall file with the court an affidavit of diligent search executed by the person who made the search and inquiry.
(3) Continuing Duty. After filing an affidavit of diligent search in a dependency proceeding, the petitioner, and, if the court requires, the department, are under a continuing duty to search for and attempt to serve the parent or legal custodian whose identity or residence is unknown. The petitioner or the department shall report on the results of the continuing search at each court hearing until the person is identified or located or until further search is excused by the court.
(4) Court Inquiry. If the identity or location of a parent is unknown, and a petition for dependency or shelter care is filed, the court shall conduct an inquiry as required by law. The information required by law may be submitted to the court or to the department in the form of a sworn affidavit executed by a person having personal knowledge of the facts.
(5)Effect of Diligent Search.
(A) Failure to serve parents whose identity or residence is unknown shall not affect the validity of an order of adjudication or disposition if the court finds the petitioner has completed a diligent search.
(B) If the court inquiry, diligent search, or continuing search fails to identify any person as a parent or prospective parent, the court shall so find and may proceed without further notice.
(C) If the inquiry, diligent search, or subsequent search identifies any person as a parent or prospective parent, the court shall require notice of the hearing to be provided to that person. That person must then be given an opportunity to become a party to the proceedings by completing a sworn affidavit of parenthood and filing it with the court or the department.
(e) Notice and Service of Pleadings and Papers.
(1) Notice of Arraignment Hearings in Dependency Cases. Notice of the arraignment hearing must be served on all parties with the summons and petition. The document containing the notice to respond or appear in a dependency arraignment hearing must contain, in type at least as large as the balance of the document, the following or substantially similar language: “FAILURE TO RESPOND TO THIS NOTICE OR TO PERSONALLY APPEAR AT THÍSE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THEIS CHILD(REN> (OR CHILDREN) AS A DEPENDENT CHILD(EEN) (OR CHILDREN) AND MAY ULTIMATELY MAY RESULT IN LOSS OF CUSTODY OF THEIS CHILD(REN) (OR CHILDREN).”
(2) Notice of Hearings to Participants and Parties Whose Identity or Address are *302 Known. All participants and parties whose identity and address are known must be notified of all proceedings and hearings subsequent to the initial hearing, unless the hearing is a proper ex parte hearing. Notice to parents in proceedings involving shelter hearings and hearings resulting from medical emergencies must be that which is most likely to result in actual notice, and, if the parents are outside the state, in the manner prescribed by this rule. It is the duty of the petitioner or moving party to notify all participants and parties known to the petitioner or moving party of all hearings subsequent to the initial hearing, except hearings which must be noticed by the court, unless Additional notice is not required if notice was provided to the parties in writing by the court or is contained in prior court orders and those orders were provided to the participant or party.
(3) Service of Pleadings, Orders, and Papers. Unless the court orders otherwise, every pleading, order, and paper filed in the action after the initial petition, shall be served on each party or the party’s attorney. Nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(4) Method of Service. When service is required or permitted to be made upon a party or participant represented by an attorney, service shall be made upon the attorney unless service upon the party or participant is ordered by the court.
(A) Service is excused if the identity or residence of the party or participant is unknown and a diligent search for that person has been completed in accordance with law.
(B) Service upon the attorney shall be made by delivering a copy to the attorney or by mailing it to the attorney’s last known address.
(C) Delivery of a copy within this rule shall mean:
(i) handing it to the attorney;
(ii) leaving it at the attorney’s office with the person in charge thereof; or
(iii) if there is no one in charge of the office, leaving it a conspicuous place therein.
(D) If the party or participant is not represented by an attorney, service of all pleadings or papers shall be upon the party or participant. DeliveryService may be made by mail to the party’s or participant’s permanent mailing address, if one has been provided to the court; to the last known address, if a permanent mailing address has not been provided to the court; or by leaving it at their usual place of abode with some person of their family above 15 years of age and informing such person of the contents.
(E) Service by mail shall be complete upon mailing.
(5) Filing. The filing of pleadings and other papers with the court as required by these rules shall be made by filing the original with the clerk of the court either before service or immediately thereafter. The court may permit the papers to be filed with it in which event the filing date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(6) Certificate of Service. When any authorized person shall in substance certify:
“I do certify that (copy) (copies) hereof have been furnished to (insert names or names) by (delivery) (mail) this.day of.,19.
[[Image here]]
Title”
this certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
Rule 8.240. COMPUTATION AND ENLARGEMENT OF TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, except rules 8.300 and 8.305, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday. When the period of time pre *303 scribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation.
(b) Enlargement of Time. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not, except as provided by law or elsewhere in these rules, extend the time for making a motion for new trial, a motion for rehearing, vacation of judgment, or for taking an appeal. This rule shall not be construed to apply to detentionshelter hearings.
(c) Time for Service.
(1) Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(2) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper upon him or her and the notice or paper is served by mail, 5 days shall be added to the prescribed period.
Rule 8.245. DISCOVERY
(a) Required Disclosure.
(1) At any time after the filing of a shelter petition, or petition alleging a child to be a dependent childi or a petition for termination of parental rights, on written demand of any party, the party to whom the demand is directed shall disclose and permit inspecting, copying, testing, or photographing matters material to the cause.
(2) The following information shall be disclosed by any party upon demand:
(A) The names and addresses of all persons known to have information relevant to the proof or defense of the petition’s allegations.
(B) The statement of any person furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted or approved by the person, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the state and recorded contemporaneously with the making of such oral statement. The court may prohibit any party from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(C) Any written or recorded statement and the substance of any oral statement made by the demanding party or a person alleged to be involved in the same transaction.
(D) Tangible papers or objects belonging to the demanding party which are to be used at the adjudicatory hearing.
(E) Reports or statements of experts, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(3)The petitioner--shall-be.entitled — to reciprocal discovery-but-shall not- be-entitled to initiate discovery under this rule,- and-the court may, for good cause shown, deny or partially restrict the disclosures provided for discovery sought by subdivisions (a)(1) and (2) of this rule.-
(43) The disclosures required by subdivision (a) of this rule shall be made within 5 days from the receipt of the demand therefor.
(b) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or *304 unnecessary annoyance, or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2)Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting ■ or-defenseparties’ attorneys or members of their legal staff.
(c) Depositions.
(1) Time and Place.
(A) At any time after the filing of the petition alleging a child to be dependent or a petition for termination of parental rights, any party may take the deposition upon oral examination of any person who may have information relevant to the allegations of the petition.
(B) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county wherein he or she resides, is employed, or regularly transacts business in person.
(2) Procedure.
(A) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined.
(B) Upon application the court or its clerk shall issue subpoenas for the persons whose depositions are to be taken.
(C) After notice to the parties the court, for good cause shown, may extend or shorten the time and may change the place of taking.
(D) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination and obtaining protective orders, shall be the same as that provided by the Florida Rules of Civil Procedure.
(3) Use of Deposition. Any deposition taken pursuant hereto may be used at any hearing covered by these rules by any party for the following purposes:
(A) For the pulióse of impeaching the testimony of the deponent as a witness.
(B) For testimonial evidence, when the deponent, whether or not a party, is unavailable to testify because of one or more of the following reasons:
(i) He or she is dead.
(ii) He or she is at a greater distance than 100 miles from the place of hearing or is out of the state unless it appears that the absence of the witness was procured by the party offering the deposition.
(iii) The party offering the deposition has been unable to procure the attendance of the witness by subpoena.
(iv) He or she is unable to attend or testify because of age, illness, infirmity, or imprisonment.
(v) It has been shown on application and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(vi) The witness is an expert or skilled witness.
(4) Use of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the party to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Refusal to Obey Subpoena. A person who refuses to obey a subpoena served upon the person for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Limitations on Use. Except as provided in subdivision (3), no deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any *305 party, the deposition shall not be read in evidence on behalf of that party.
(d) Perpetuating Testimony Before Action or Pending Appeal.
(1) Before Action.
(A) Petition. A person who desires to perpetuate the person’s own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show:
(i) that the petitioner expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought;
(ii) the subject matter of the expected action and the person’s interest therein;
(iii) the facts which the person desires to establish by the proposed testimony and the reasons for desiring to perpetuate it;
(iv) the names or a description of the persons expected to be adverse parties and their names and addresses so far as known; and
(v) the names and addresses of the persons to be examined and the substance of the testimony expected to be elicited from each and asking for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.
(B) Notice and Service. The petitioner shall thereafter serve a notice on each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court at a time and place therein for an order described in the petition. At least 20 days before the date of the hearing, the notice shall be served either within or without the county in the manner provided by law for serving of summons but if such service cannot with due diligence be made on any expected adverse party named in the petition, the court may make an order for service by publication or otherwise and shall appoint an attorney for persons not served in the manner provided by law for service of summons who shall represent them and, if they are not otherwise represented, shall cross-examine the deponent.
(C) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken on oral examination or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.
(D) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules, it may be used in any action involving the same subject matter subsequently brought in any court of Florida in accordance with the provisions of subdivision (c)(3).
(2) Pending Appeal. If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service as if the action were pending in the court. The motion shall show the names and addresses of persons to be examined and the substance of the testimony expected to be elicited from each and the reasons for perpetuating the testimony. If the court finds that the perpetuation is proper to avoid a failure or delay in justice, it may make orders of the character provided for by this rule and thereupon the deposition may be taken and used in the same manner and under the same conditions as are prescribed *306 in these rules for depositions taken in actions pending in the court.
(3) Perpetuation Action. This rule does not limit the power of a court to entertain an action to perpetuate testimony.
(e)Rules Governing Depositions of Children Under 16.
(1) The taking of a deposition of a child witness or victim under the age of 16 may be limited or precluded by the court for good cause shown.
(2) The court after proper notice to all parties and an evidentiary hearing, based on good cause shown, may set conditions for the deposition of a child under the age of 16 including:
(A) designating the place of the deposition;
(B) designating the length of time of the deposition;
(C) permitting or prohibiting the attendance of any person at the deposition;
(D) requiring the submission of questions before the examination;
(E) choosing a skilled interviewer to pose the questions;
(F) limiting the number or scope of the questions to be asked; or
(G) any other conditions the court feels are necessary for the protection of the child.
(3) Good cause is shown based on, but not limited to, one or more of the following considerations:
(A) The age of the child.
(B) The nature of the allegations.
(C) The relationship between the child victim and the alleged abuser.
(D) The child has undergone previous interviews for the purposes of criminal or civil proceedings that were recorded either by videotape or some other manner of recording and the requesting party has access to the recording.
(E) The examination would adversely affect the child.
(F) The manifest best interests of the child require the limitations or restrictions.
(4) The court, in its discretion, may order the consolidation of the taking of depositions of a child under the age of 16 when the child is the victim or witness in a pending proceeding arising from similar facts or circumstances.
(f) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(g) Sanctions.
(1) If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(A) order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) order a new hearing;
(D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanction by the court.
Committee Notes
1991 Amendment, (a)(1) Termination of parental rights proceedings have been added to discovery procedures.
Rule 8.250. EXAMINATIONS, EVALUATION, AND TREATMENT
(a) Child. Mental or physical examination of a child may be obtained as provided by law.
(b) Parent, Guardian, or Other Person Requesting Custody. At any time after the *307 filing of a shelter, dependency, or termination of parental rights petition, when the mental or physical condition, including the blood group, of a parent, guardiancaregiver, legal custodian, or other person requesting custody of a child is in controversy, any party may request the court to order the person to submit to a physical or mental examination by a qualified professional. The order may be made only on good cause shown and after notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. The person whose examination is sought may, after receiving notice of the request for an examination, request a hearing seeking to quash the request. The court may, on its own motion, order a parent, guardian, or other person requesting custody to undergo such evaluation, treatment, or counseling activities as authorized by law.
Committee Notes
1991 Amendment. This rule allows any party to request an evaluation but provides a mechanism for a hearing to quash the request.
Rule 8.255. GENERAL PROVISIONS FOR HEARINGS
(a) Presence of Counsel. The Bdepartment of Health and Rehabilitative Services must be represented by an attorney at every stage of these proceedings.
(b) Presence of Child. The child has a right to be present at the hearing unless the court finds that the child’s mental or physical condition or age is such that a court appearance is not in the best interest of the child. Any party may file a motion to require or excuse the presence of the child.
(c) Separate Examinations. The child and the parents, caregivers, or legal custodians of the child may be examined separately and apart from each other.
(e)(d) Examination of Child; Special Protections.
(1) Testimony by Child. A child may be called to testify in open court by any party to the proceeding, or the court, and may be examined or cross-examined.
(2) In-Camera Examination.
(A) Upon motion and hearing, the child may be examined by the court outside the presence of other parties as provided by law. The court shall assure that proceedings are recorded, unless otherwise stipulated by the parties.
(B) The motion may be filed by any party or the trial court on its own motion.
(C) The court shall make specific written findings of fact, on the record, as to the basis for its ruling. These findings may include but are not limited to:
(i) the age of the child;
(ii) the nature of the allegation;
(iii) the relationship between the child and the alleged abuser;
(iv) the likelihood that the child would suffer emotional or mental harm if required to testify in open court;
(v) whether the child’s testimony is more likely to be truthful if given outside the presence of other parties;
(vi) whether cross-examination would adversely affect the child; and
(vii) the manifest best interest of the child.
(D) The child may be called to testify by means of closed-circuit television or by videotaping as provided by law.
(d)(e) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(e)(f) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
$Xg) Record. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or a recording device. The records of testimony shall be preserved as required by law. Official records of testimony shall be transcribed only on order of the court.
*308 (g)(h) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(h)(i) Masters. Pursuant to Florida Rule of Civil Procedure 1.490, both general and special masters may be appointed to hear issues involved in proceedings under this part.
Committee Notes
1991 Amendment, (b) This change allows a child to be present instead of mandating the child’s presence when the child’s presence would not be in his or her best interest. The court is given the discretion to determine the need for the child to be present.
1992 Amendment. This change was made to reflect a moderated standard for in camera examination of a child less rigid than the criminal law standard adopted by the committee in the 1991 rule revisions.
Rule 8.290. DEPENDENCY MEDIATION
(a) Definitions. The following definitions apply to this rule:
(1) “Dependency matters” means proceedings arising under Part III (Dependency Cases), Part -V- (Children in Foster — Care), and — Part—WE—(Termination—of—Parental Rights),-of-Chapter 39, Florida Statutes.
(2) “Dependency mediation” means mediation of dependency matters.
(3) “Mediation” means a process whereby a neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement. In mediation, decision-making authority rests with the parties. The role of the mediator includes, but is not limited to, assisting the parties in identifying issues, fostering joint problem-solving, and exploring settlement alternatives.
(b) Applicability. This rule applies only to mediation of dependency matters.
(c) Compliance with Statutory Time. Requirements. Dependency mediation shall be conducted in compliance with the statutory time requirements for dependency matters unless waived by all parties and approved by the court.
(d) Referral. Except as provided by this rule, all matters and issues described in subsection (a)(1) may be referred to mediation. All referrals to mediation shall be in written form, shall advise the parties of their right to counsel, and shall set a date for hearing before the court to review the progress of the mediation. The mediator or mediation program shall be appointed by the court or stipulated to by the parties. In the event the court refers the matter to mediation, the mediation order shall address all applicable provisions of this rule. The mediation order shall be served on all parties and on counsel pursuant to the provisions of the Florida Rules of Juvenile Procedure.
(e) Appointment of the Mediator.
(1) Court Appointment. The court, in the order of referral to mediation, shall appoint a certified mediator selected by rotation or by such other procedures as may be adopted by administrative order of the chief judge in the circuit in which the action is pending.
(2) Party Stipulation. Within ten days of the filing of the order of referral to mediation, the parties may agree upon a stipulation with the court designating:
(A) another certified mediator of dependency matters to replace the one selected by the judge; or
(B) a mediator who does not meet the certification requirements of these rules but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular ease.
(f) Fees. Dependency mediation referrals may be made to a mediator or mediation program which charges a fee. Any order of referral to a mediator or mediation program charging a fee shall advise the parties that they may timely object to mediation on grounds of financial hardship. Upon the objection of a party or the court’s own motion, the court may, after considering the objecting party’s ability to pay and any other pertinent information, reduce or eliminate the fee.
*309 (g) Objection to Mediation. Within 10 days of the filing of the order of referral to mediation, any party or participant ordered to mediation may make a written objection to the court about the order of referral if good cause for such objection exists. If a party objects, mediation shall not be conducted until the court rules on the objection.
(h) Scheduling. The mediation conference may be held at any stage of the proceedings. Unless otherwise scheduled by the court, the mediator or the mediation program shall schedule the mediation conference.
(i) Disqualification of the Mediator. Any party may move to enter an order disqualifying a mediator for good cause. If the court rules that a mediator is disqualified from mediating a case, an order shall be entered setting forth the name of a qualified replacement. Nothing in this provision shall preclude mediators from disqualifying themselves or refusing any assignment.
(j) Substitute Mediator. If a mediator agreed upon by the parties or appointed by a court cannot serve, a substitute mediator can be agreed upon or appointed in the same manner as the original mediator. A mediator shall not mediate a case assigned to another mediator without the agreement of the parties or approval of the court. A substitute mediator shall have the same qualifications as the original mediator.
(k) Discovery. Unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery.
(,l) Appearances.
(1) Order Naming or Prohibiting Attendance of Parties. The court shall enter an order naming the parties and the participants who must appear at the mediation and any parties or participants who are prohibited from attending the mediation. Additional participants may be included by court order or by mutual agreement of all parties.
(2) Physical Presence of Adult Parties and Participants. Unless otherwise agreed to by the parties or ordered by the court, any party or participant ordered to mediation shall be physically present at the mediation conference. Persons representing an agency, department, or program must have full authority to enter into an agreement which shall be binding on that agency, department, or program. In the discretion of the mediator, and with the agreement of the attending parties, dependency mediation may proceed in the absence of any party or participant ordered to mediation.
(3) Appearance of Counsel. In the discretion of the mediator, and with the agreement of the attending parties, dependency mediation may proceed in the absence of counsel unless otherwise ordered by the court.
(4) Appearance of Child. The court may prohibit the child from appearing at mediation upon determining that such appearance is not in the best interest of the child. No minor child shall be required to appear at mediation unless the court has previously determined by written order that it is in the child’s best interest to be physically present. The court shall specify in the written order of referral to mediation any special protections necessary for the child’s appearance.
(5) Sanctions for Failure to Appear. If a party or participant ordered to mediation fails to appear at a duly-noticed mediation conference without good cause, the court, upon motion of any party or on its own motion, may impose sanctions. Sanctions against the party or participant failing to appear may include one or more of the following: contempt of court, an award of mediator fees, an award of attorney fees, an award of costs, or other remedies as deemed appropriate by the court.
(m) Caucus with Parties and Participants. During the mediation session, the mediator may meet and consult privately with any party, participant, or counsel.
(n) Continuances. The mediator may end the mediation session at any time and may set new times for reconvening the mediation. No further notification shall be required for parties or participants present at the mediation session.
(o) Report on Mediation.
(1) If agreement is reached as to all or part of any matter or issue, including legal or *310 factual issues to be determined by the court, such agreement shall be immediately reduced to writing, signed by the attending parties, and promptly submitted to the court by the mediator with copies to all parties and counsel.
(2)If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation.
(p) Court Hearing and Order upon Mediated Agreement. Upon receipt of a full or partial mediation agreement, the court shall hold a hearing and enter an order accepting or rejecting the agreement consistent with the best interest of the child. The court may modify the terms of the agreement with the consent of all parties to the agreement.
(q) Imposition of Sanctions upon Breach of Agreement. In the event of any breach or failure to perform under the court-approved agreement, the court, upon a motion of any party or upon its own motion, may impose sanctions. The sanctions may include contempt of court, vacating the agreement, imposition of costs and attorney fees, or any other remedy as deemed appropriate by the court.
Committee Notes
1997 Adoption. In considering the provision regarding the appearance of the child found in subsection ©(4), the Committee considered issues concerning the child’s right to participate and be heard in mediation and the need to protect the child from participating in proceedings when such participation would not be in the best interest of the child. The Committee has addressed only the issue of mandating participation of the child in mediation. In circumstances where the court has not mandated that the child appear in mediation, the Committee believes that, in the absence of an order prohibiting the child from mediation, the participation of the child in mediation will be determined by the parties.
Whenever the court, pursuant to subdivision (p) determines whether to accept, reject, or modify the mediation agreement, the Committee believes that the court shall act in accordance with the confidentiality requirements of chapter 44, Florida Statutes.
B. DEPENDENCY-PRQGEEDINGS-TAKING-GHÍLDREN-INTO CUSTODY AND SHELTER HEARINGS
Rule 8.305. SHELTER PETITION, HEARING, AND ORDER
(a) Shelter Petition. If a child has been or is to be placed in a shelter after being taken into-custody removed from the home and maintained in an out-of-home placement for a period longer than 24 hours, the person requesting placement shall file a written petition which shall:
(1) specify the name, address, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(2) specify the name and address, if known, of the child’s parents or legal custodian and how each was notified of the shelter hearing;
(3) if the child has been removed from the home, the date and time of the removal;
(2)(4) specify that the child is of an age subject to the jurisdiction of the court;
(3X5) state the reasons why the child needs to be placed in a shelter;
(6) the reasonable efforts, if any, that were made by the department to prevent or eliminate the need for the removal or continued removal of the child from the home. If no such efforts were made, a description of the emergency which existed that prevented these efforts;
(4)(7) recommend where the child is to be placed or the agency to be responsible for placement; and
(5)(8) be signed by the petitioner and, if represented by counsel, by the petitioner’s attorney.
(b) Shelter Hearing.
(1) The parents or legal custodians of the child shall be given actual notice of the date, time, and location of the emergency shelter hearing. If the parents are outside the jurisdiction of the court, are not known, *311 cannot be located, or refuse or evade service, they shall be given such notice as best ensures their actual knowledge of the date, time, and location of the emergency shelter hearing. If the parents or legal custodians are not present at the hearing, the person providing, or attempting to provide, notice to the parents or legal custodians shall advise the court in person or by sworn affidavit of the attempts made to provide notice and the results of those attempts.
(2) The court shall conduct an informal hearing on the petition within the time limits as provided by law. The court shall determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met.
(3) The issue of probable cause shall be determined in a nonadversary manner, applying the standard of proof necessary for an arrest warrant.
(4) At the hearing all interested persons present shall have an opportunity to be heard and present evidence on the criteria for placement as provided by law.
(5) The court may base its determination on sworn complaint, testimony, or affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(6) The court shall advise the parent or custodian of:
(A) the right to be represented by counsel as provided by law;
(B) the reason for the child being in custody and why continued placement is requested; and
(C) the right to present placement alternatives-; and
(D) the time, date, and location of the next hearing and of the importance of the parents’ or legal custodians’ active participation in subsequent proceedings and hearings.
(7) The court shall appoint:
(A) a guardian ad litem to represent the child unless the court finds such representation is unnecessary; and
(B) an attorney for indigent parents or legal custodians unless waived by the parent or legal custodian.
(8) The court shall determine visitation rights absent a clear and convincing showing that visitation is not in the best interest of the child.
(9) If the shelter hearing is conducted by a judge other than the juvenile court judge, the juvenile court judge shall hold a shelter review on the status - of the child within two working days after the shelter hearing.
(c) Shelter Order. The order must identify the parties present at the hearing and contain written findings that:
(1) placement in shelter care is necessary based on the criteria provided by law;
(2) placement in shelter care is in the best interest of the children);
(3) continuation of the child(ren) in the home is contrary to the welfare of the ehild(ren) because the home situation presents a substantial and presentimmediate danger to the child(ren)’s physical, mental, or emotional health or safety that cannot be mitigated by the provision of preventive services;
(4) there is probable cause to believe the children) is/are dependent; and
(5) the department has made reasonable efforts to prevent or eliminate the need for removal of the children) from the home*¡
(6) the court notified the parents or legal custodians of the subsequent dependency proceedings, including scheduled hearings, and of the importance of their active participation in those subsequent proceedings and hearings; and
(7) the court notified the parents or legal custodians of their right to counsel as provided by law.
(d) Release from Shelter Care. No child shall be released from shelter care after a shelter order has been entered except on order of the court unless the shelter order *312 authorized release by the Bdepartment-of -Health-and Rehabilitative Services.
C. PETITION, ARRAIGNMENT, ADJUDICATION, AND DISPOSITION
RULE 8.310. DEPENDENCY PETITIONS
(a) Contents.
(1) A dependency petition may be filed as provided by law. Each petition shall be entitled a petition for dependency and shall allege sufficient facts showing the child to be dependent based upon applicable law.
(2) The petition shall contain allegations as to the identity and residence of the parents, caregivers, or legal custodians, if known.
(3) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(4) Two or more allegations of dependency may appear in the same petition, in separate counts. The petition need not contain allegations of acts or omissions by both parents.
(5) Upon the filing of a petition — the elerk-s-office' shall forward the petition-to4he state attorney or designate. In the ease-of child- abuse, where the petition is filed by a person — who-is- not an-attorney, the state attorney or designate shall review the--petition--for-.legal sufficiency or otherwise be available to assist the petitioner in preparation of the-technical-aspects-of-the petition. Nothing'-in-this - subdivision shall interfere with-the-right-or-decision-of any person to file a petition-alleging-dependency.-
(5) The petition must describe what voluntary services and/or mediation the parents or legal custodians were offered and the outcome of each.
(b) Verification. The petition shall be signed stating under oath the signer’s good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) Amendments. At any time prior to the conclusion of an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion; however, after a written answer or plan has been filed, amendments shall be permitted only with the permission of the court, unless all parties consent. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of counts. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child, parent, or custodian and prejudice any of them in the preparation of a defense, the petitioner may be required to furnish a more definite statement.
(e) Voluntary Dismissal. The petitioner without leave of the court, at any time prior to entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice requesting dismissal on all parties, or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 48 hours.
Committee Notes
1991 Amendment, (c) The time limit for amending a petition has been extended to be consistent with civil pleading procedures. The best interest of the child requires liberal amendments. The procedures for determining if a party has been prejudiced have not been changed.
(e) This section has been reworded to provide a procedure for notice to all parties before dismissal and to allow adoption of a petition by another party.
RULE 8.315. ARRAIGNMENTS AND PREHEARING CONFERENCES
(a) Arraignment. Prior to the adjudicatory hearing the court shall conduct a hearing to determine whether an admission, consent, or denial to the petition shall be entered, and whether the parties are represented by counsel or are entitled to appointed counsel as *313 provided by law. If an admission or consent is entered, the court shall proceed as set forth in rule 8.340. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance as provided by law and appoint counsel when required.
(b) Withdrawal of Plea. The court may for good cause, at any time prior to the beginning of a disposition hearing permit an admission of the allegations of the petition or a consent to dependency to be withdrawn and, if an adjudication has been entered thereon, set aside such adjudication. In a subsequent adjudicatory hearing the court shall disregard an admission or consent that has been withdrawn.
(c) Prehearing Conference. Prior to any adjudicatory hearing the court may set or the parties may request that a prehearing conference be held to determine the order in which each party may present witnesses or evidence and the order in which cross-examination and argument shall occur. The court may also enter findings on the record of any stipulations entered into by the parties and consider any other matters which may aid in the conduct of the adjudicatory hearing.
(d) Status Hearing. Within 3060 days of the filing of the petition a status hearing shall be held with all parties present unless an adjudicatory or disposition hearing has commenced. Subsequent status hearings shall be held every 30 days thereafter unless an adjudicatory or disposition hearing has commenced.
Committee Notes
1991 Amendment, (d) This section requires a status hearing every 30 days to ensure prompt resolution of the case while preserving the rights of all parties.
RULE 8.320. PROVIDING COUNSEL TO PARTIES
(a)Duty of the Court.
(1) At each stage of the dependency proceeding the court shall advise the parent, guardian, orlegal custodian, or caregiver of the right to have counsel present.
(2) The court may — and- upon request shall appoint counsel to insolvent indigent personsparents or legal custodians or others who are so entitled as provided by law, unless appointment of counsel is waived by that person.
(3)The court shall ascertain whether the right to counsel is understood.
(b)Waiver of Counsel.
(1) No waiver of counsel shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel made in court shall be of record. The court shall question the party in sufficient detail to ascertain that the waiver is made knowingly, intelligently, and voluntarily.
(3) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
RULE 8.325. ANSWERS AND PLEADINGS
(a) No Answer Required. No written answer to the petition need be filed by the parent, caregiver, or legal custodian. The parent, caregiver, or legal custodian of the child may enter an oral or written answer to the petition or remain silent.
(b) Denial of Allegations. If the parent, caregiver, or legal custodian denies the allegations of the petition or remains silent or pleads evasively, the court shall enter a denial of dependency and shall set the case for an adjudicatory hearing.
(c) Admission of or Consent to Dependency. The parent, caregiver, or legal custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent, and that the parent, caregiver, or legal custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings *314 of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based. If the answer admits the allegations of the petition it shall constitute consent to a predisposition study.
(d)Stipulations.
(1) Any party may submit a written stipulation before the adjudicatory hearing.
(2) The stipulation may include findings of fact which will be deemed admitted at any subsequent hearing.
(3) The stipulation shall be signed by all parties and shall include:
(A) a statement of the placement of the child and conditions of placement;
(B) the supervising agent;
(C) the responsibilities of the parties;
(D) the period of time that the stipulation shall remain in effect;
(E) the agreement of all parties; and
(F) the period of time within which the court shall review compliance.
(4) Violations of the conditions of the stipulation shall be presented to the court by a motion alleging a violation by any party during the pendency of the stipulation. If the court, after a hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the stipulation, modify the stipulation by supplemental agreement, or set the case for hearing on the original petition.
(5) After the time period specified in the stipulation has expired, unless otherwise dismissed, the petition may be dismissed on motion of any party participating in the stipulation after notice, hearing, and a finding of substantial compliance with the provisions and intent of the stipulation.
Committee Notes
1992 Amendment. This rule combines the previous provisions for plans and stipulations into one procedure entitled “stipulations.”
RULE 8.330. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge. without a jury, utilizing the rules of evidence in use in civil cases. At this hearing the court shall determine whether the allegations of the dependency petition have been sustained by a preponderance of the evidence. If the court is of the opinion that the allegations are sustained by clear and convincing evidence, it may enter an order so stating.
(b) Examination of Witnesses. A party may call any person as a witness. A party shall have the right to examine or cross-examine all witnesses.
(c) Presence of Parties. All parties have the right to be present at all hearings. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law. However, the child and the parents, caregivers, or legal custodians of the child may be examined separately and apart from each other.
(d) Joint and Separate Hearings. When 2 or more children are alleged to be dependent children, the hearing may be held simultaneously when the several children involved are related to each other or involved in the same case, unless the court orders separate hearings.
(e) Motion for Judgment of Dismissal. In all proceedings, if at the close of the evidence for the petitioner the court is of the opinion that the evidence is insufficient to warrant a finding of dependency, it may, and on the motion of any party shall, enter an order dismissing the petition for insufficiency of the evidence.
(f) Dismissal. If the court shall find that the allegations in the petition have not been sustained, it shall enter an order dismissing the case.
(g) Findings and Orders. In all cases in which dependency is established, the court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
Committee Notes
1991 Amendment, (a) This change gives the court the option of making a finding *315 based on a higher burden of proof to eliminate the need for a repetitive hearing on the same evidence if a termination of parental rights petition is filed.
RULE 8.340. DISPOSITION HEARINGS
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the dispositional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or his or her parent, caregiver, or legal custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure to Parties. All parties shall be entitled to disclosure of all information in all reports submitted to the court.
(c) Treatment Plans.
(1) At any time after adjudication, any party may submit a plan of proposed treatment, training, or conduct,-The Department of Health and Rehabilitative Services shall be the supervising agency-ualess the court-appoints another agency or person.-
(2) The plan must -be in writing and shall-be- agreed to and signed in all cases by the parents or custodians and, -wheti represented, by their counsel; whenever possible, by the child, the^ guardian ad litem,-and the child’s counsel. The authorized agent of the department shall indicate whether acceptance of the plan-is recommended.
(3) The court shall conduct a hearing on acceptance of the plan,-which may be waived by oral or written stipulation of all parties and the supendsing agency. The court shall provide an opportunity for all parties-to-be heard on contested issues, may — accept or reject the plan-er any parts thereof, and shall enter a written order-
ed) Violations of the — conditions of--the plan shall be presented to the court by a motion alleging a violation- during the -pen-dency-of-the plan. If the court, after hearing, finds-a^-violation--has-oceurred, it may-take such action as is appropriate to-enforee-fhe plan, to modify the-plan-by supplemental agreement, or to set aside-the-plan-
(5) The plan shall set forth-the-period of time that it shall be in effect' and-wherever appropriate the supervising- agency or person responsible for-the-monitoring of the plan, The jurisdiction of the court may- -be-dismissed-sn the motion of any. party-participating-i-n-the plan after notice-of-hearing and a finding-.of substantial complianee--with the provisions and intent of the plan.
(d-)(c) Orders of Disposition. The court shall in its written order of disposition include:
(1) the placement or custody of the child;
(2) special conditions of placement and visitation;
(3) evaluation, counseling, treatment activities, and other actions to be taken by the parties, where ordered;
(4) supervising or monitoring agencies, and continuation or discharge of the guardian ad litem, where appropriate;
(5) period of time -or-date, time, and location for subsequent case review whereas required by law; and
(6) approval of the case plan or direction to amend case plan within 30 days; and
46)(7) such other requirements as are deemed necessary to protect the health, safety, and well-being of the child.
Committee Notes
1992 Amendment. Dismissal of a petition is not appropriate after adjudication.
RULE 8.345. POST-DISPOSITION RELIEF
(a) Motion for Modification of Placement. A child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision of the Pdepartment of Health and Rehabilitative Services, may be brought before the court by the parent, guardian, or any interested person on a motion for modification of *316 placement. The court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.
(b) Motion for Termination of Supervision or Jurisdiction. Any party requesting termination of agency supervision or the jurisdiction of the court or both shall do so by motion. The court shall hear all parties present and enter an order terminating supervision or terminating jurisdiction and supervision or continuing them as previously ordered. The court shall not terminate jurisdiction unless the child is returned to the parent or placed with a legal guardian and the child has been in the placement with the legal guardian or parent for at least 6 months.
& — EOSTER- CARE D. CASE PLANS
RULE 8.400. PARTICIPATORY CASE PLANS
(a) Case PlansDepartment Responsibili-t^. Within 30 days after-placement of a child m-fester-careAt least 72 hours prior to the disposition hearing, but no later than 60 days after removal of a child from the home, the department or its agent must file with the court all case plans prepared before jurisdiction of the court attached and do one of the following:
(1) File with the court a current case plan which was prepared in conference with the parents, caregivers, or legal custodians, any court appointed guardian ad litem and, if appropriate, the child, and signed by the parties involved. — which Such parties shall include but not be limited to the attorney representing the department, the department counselor, the parent(s), counsel for the parent, if represented, the guardian ad litem, and, when appropriate, the child.
(2) File with the court a case plan prepared without the participation of the parents, caregivers, or legal custodians, if the parents, caregivers, or legal custodians are unable or unwilling to participate in the preparation of a case plan. The plan or supporting documents shall contain a full explanation of the circumstances preventing the parents from participating and the efforts made by the department to secure parental participation.
(23) Submit a motion requesting an extension of the time for filing the case plan for a period of not more than 30 days; however, this shall not preclude a party or any other agency or person participating in the preparation of the case plan from filing the motion.
(A) A copy of the motion and notice of hearing shall be served on the parties and participants involved in the preparation of the case plan.
(B) The court shall hear all parties present, in person, by counsel, or both. The department at all times, however, shall be represented by an attorney. Only one 30-day extension may be granted upon a showing of good cause, n the order granting the continuance, the court shall set a hearing for review and acceptance of the case plan.
(3)Submit a motion for review of a plan, to-which a copy of the-proposed plan shall be attached.
(b) Amendments. The case plan may be amended by:
(1) the parties at any time provided agreement is unanimous by all parties, but any revised plan must be approved by the court; or
(2) the court upon motion of a party after notice to all other parties.
(c) Service. Each party must be provided with a copy of the case plan at least 72 hours before the disposition hearing or 72 hours before filing of a plan if they did not participate in the development of the plan. If the location of a parent is unknown, this fact must be documented in writing and included in the plan.
RULE-8,405,. UNILATERAL CASE PLANS
(a-)-Gase Plans. Within 30 days after-the cM4~has been removed from the home and placed in-temporary foster care, the department shall submit a case plan. For good cause-shown, the court-may grant extensions aot-to-exceed 15 days for each filing of the plain
*317 (b) Contents. -If-t-he parents) legal guardian, or custodian are unable or unwilling to participate in the preparation of a case plan, the department still-must submit a case plan. In the event that such a plan is submitted because the parents •«nil not or cannot participate-i&4he preparation-of-tho plan, the plan or supporting'-documents -shall contain-a-juil explanation of the -circumstances preventing the parents from participating-and-the efforts made by the department to secure parental participation,- In-the-event that-the plan is-being submitted due-to the inability-of the parents and the-department to concur in all or any portion of the plan).the-plan or supporting documents shall contain-an explanation of the-nature of the disagreement.
(c) Service. Each' party must- be-provided with a copy of the case plan 72 hours before filing of a plam--I-f-the location of a parent-is unknown, this must-be documented in writing and-included in-the plan.
(d) Hearing. The court shall hear all parties present, in person, by counsel, or both. After such hearing, the court shall order the department to submit the unilateral case plan, but may, in its discretion, issue a protective order modifying, deleting, or adding to the requirement included in the unilateral case plan.
Committee Notes
1991 Adoption. This new rule provides a procedure for permanent placement plans consistent with law. Sections on service and hearing were taken from old rule 8.800.
RULE 8.410 JUDICIAL REVIEW APPROVAL OF CASE PLANS
(a) Hearing. Upon receipt of the case plan, theThe court shall set, within 30 days, a hearing to review the contents of the case plan at the disposition hearing unless a continuance for the filing of the case plan has been granted by the court. Notice of the review hearing will be served on all parties and/or their counsel. If the location of a parent is unknown, the notice must directed to the last permanent address of record. If the location of an absent becomes known to the department, the department shall inform that parent of the right to a court review at the time the department serves the parent with a copy of the case plan.
(b) Determinations by Court. At the hearing, the court shall determine if:
(1) The plan is consistent with the previous orders of the court placing the child in care.
(2) The plan is consistent with the requirements for the content of a case plan as provided by law.
(3) The parents, caregivers, or legal custodians were advised of their right to have counsel present at all prior hearings and the parents, guardiancaregivers, or legal custodians were advised of their right to participate in the preparation of the ease plan and to have counsel or any other person assist in the preparation of the case plan.
(4) The case plan is meaningful and designed to address the facts, circumstances, and problems upon which the court based its order of dependency for the child; particularly, if the parents, guardiancaregivers, or legal custodians have the ability to perform the tasks assigned to them and that the social service agency can provide the assistance necessary to the parents to reunite the family.
(5) The plan adequately addresses the goals and needs of the child.
(e)Court ActionAmendment of Plan. After the hearing, if the court determines that the requirements for the case plan have not been met, it shall order the parties to make amendments to the plan. The amended plan must be submitted to the court within 30 days for another hearing and approval. If the parties do not agree on the final terms, the court shall order those conditions and tasks it believes the parents, guardiancaregivers, or legal custodians must accomplish for the return of the child. In addition, the court may order the department to provide those services necessary to assist in the efforts to reunify the familyachieving the goal of the case plan.
(d) Entry of Findings. The court shall enter its findings with respect to the review of the case plan in writing and make specific *318 findings on each element required by law to be included in a case plan.
(e) Review Hearing. The court will set a hearing to review the performance of the parties to the case plan no later than 90 days after the disposition hearing or the hearing in which the case plan was approved or 6 months from the date of approvalon which the child was removed from the home or 6 months from the date of the last judicial review, whichever comes first.
Committee Notes
1991 Adoption. This rule provides for judicial review of performance agreements and permanent placement plans consistent with law. It requires a hearing within 45 days, lists the criteria the court must consider in reviewing the agreement or plan, and provides procedures following the hearing.
RULE 8.415. JUDICIAL REVIEW OF CHILDREN IN FOSTER CARE DEPENDENCY CASES
(a) Required Review. Children in foster eareAll dependent children shall have their status reviewed as provided by law.
(b) Scheduling Hearings.
(1) Initial Review Hearing. If the child is placed in festerout-of-home care pursuant to a court order-at-a disposition hearing, the court shall determine when the first review hearing shall be held and the clerk of the court shall immediately schedule the review hearing. In no case shall the hearing be scheduled for later than 6 months from the date of plaeementremoval from the home or 90 days from the disposition or case plan approval hearing. In every case, the court must conduct a judicial review at least every 426 months.
(2) In all other eases where a child is in ■foster care, proceedings for judicial-review shall be-initiated by the filing of-a-supplemental petition for — judicial review — by. the Department of Health and Rehabilitative Sendees. Upon filing of said petition, the clerk of the-court shall immediately-schedule the review hearing. Subsequent Review Hearings. At each judicial review hearing, the court shall schedule the next judicial review hearing which shall be conducted within 6 months. The clerk of the court, at the judicial review hearing, shall provide the parties with written notice of the date, time, and location of the next judicial review hearing-
(e) Petition-and Report.
(1) Petition. In all cases, including those in which a foster care review-hearing has already been-scheduled by the-court or clerk, the department or its agent shall prepare a petition to which a eopy-of the report shall be attae-hedto the court. The petitionreport shall allegecontain facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain ailegationsinformation as to the identity and residence of the parent and custodian, if known, the dates of the original dependency adjudication and any subsequent judicial review proceedings, and a request for one or more of the following forms of relief:
(A)(1) that the child be continued in ■fester out-of-home care;
(B)(2) that the child be placed in the custody of a parent, guardian, relative, caregiver, or former legal custodian willing to care for the child;
(C) that the child be placed in the-eas-tody of a relative, guardian, -or-other custodian-willing to care for-the child;
(B)(3) that the ease plan be continued to permit the parents, guardian, caregivers, or legal custodians, or social service agency time to complete the tasks assigned to them in the agreement; or
(E)(4) that proceedings be instituted to terminate parental rights and legally free the child for adoption.
(2) Report. The-department shall prepare a reporfe-as required by-law. Said-report shall be-signed by the-attorney representing the department.
(d) Service. A copy of the petition, report; and containing recommendations and a notice of review hearing shall be served on all persons who are required by law to be served at least 48 hours prior to the judicial review hearing.
*319 (e) Court Action.
(1) The court shall hold a hearing to review the compliance of the parties with the case plan to determine what assigned tasks were and were not accomplished and the reasons for their nonachievement.
(2) If the court finds that the parents, caregivers, or legal custodians have substantially complied with the case plan, the court shah return the child to the custody of the natural parents, caregivers, or legal custodians if the court is satisfied that reunification will not be detrimental to the child’s safety or, well-being, or physical, mental, or emotional health.
(3) If the court finds the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, shall order the social service agency to submit its plan for compliance with the plan, and shall require the social service agency to show why the child sheuldcould not safely be returned immediately to the home of the parents, caregivers, or legal guardiancustodians. If the court finds that the child sheuldcould not be safely returned immediately to the natural parents, caregivers, or legal guardiancustodians, it shall extend the case plan for a period of not more than 6 months to allow the social service agency to comply with its obligations under the case plan.
(4) If, at any judicial review hearing, regardless of the expiration date of the case plan, the court finds that the parents have not substantially complied with the.case plan and the child is not returned to the physical custody of the natural-parentsto the degree that further reunification efforts are without merit, the court may order the social service agency to initiate a termination of parental rights proceeding. If the court finds that an order initiating a termination of parental rights proceeding would not be in the child’s best interests; that the parents in good faith attempted to comply with the terms of the plan but need more time to accomplish their assigned tasks and believes the parents will accomplish them; or, by clear and convincing proof, that the situation of the child is so extraordinary that the case plan should be extended, the court may extend the time limitation for the plan or modify the terms of the plan. No plan shall be extended for a period longer than 6 months, except that the court may extend-the plan for-12 months-if the child is 13 years of age or-older. At the expiration of the extended plan, the court shall again review the child’s status.
(5) When a child is returned to the natu-rak-parents, caregivers, or legal custodians the court shall not terminate its jurisdiction over the child until 6 months after the return. Based on a report of the department and any other relevant factors, the court shall then determine whether the jurisdiction should be continued or terminated; if its jurisdiction is to be terminated, it shall enter an order to that effect.
(6) When a child has not been returned to the natural — parent, caregiver, or legal custodian, but has been permanently committed to the department or to a licensed child-placing agency willing to receive the child for subsequent adoption, the court shall continue to hold judicial review hearings on the status of the child at least annuallyevery 6 months. Such hearings shall be held in accordance with these rules.
(7) The court shall enter a written order upon the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, and a determination of the future course of the proceedings.
(f) Administrative Review. The department-may, pursuant to formal agreement with the court in particular cases, may conduct administrative reviews instead of judicial reviews for children in foster care. Notice must be provided to all parties. An administrative review may not be substituted for the first judicial review or any subsequent 6-month review. Any party may petition the court for a judicial review as provided by law.
Committee Notes
1991 Adoption. The rule allows for certain forms of relief pertinent to foster care review. It allows the court to order commencement of a termination of parental rights proceeding if the parents are not in compliance. The court also is permitted to extend or modify the plan.
*320 BE. TERMINATION OF PARENTAL RIGHTS
RULE 8.500. PETITION
(a) Initiation of Proceedings.
(1) All proceedings seeking the termination of parental rights to a child shall be initiated by the filing of an original petition in the pending dependency action, if any.
(2) A petition for termination of parental rights may be filed at any time by the department, the guardian ad litem, a licensed child-placing agency, or any person having knowledge of the facts. Each petition shall be entitled a petition for termination of parental rights.
(3) When provided by law, a separate petition for dependency need not be filed.
(b) Contents.
(4-)-A-petition may be filed by the department, the guardian ad-litem, a licensed child-placing agency, or any-person haring knowledge of the facts. Eaeh-petition shall-be entitled-a-petition for termination of-parental rights?
Í2)(l) The petition shall contain allegations as to the identity and residence of the parents and custodians, if known.
i§)(2) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(3) The petition shall include facts supporting allegations that each of the statutory elements for termination of parental rights has been met.
(4) When required by law, the petition shall contain a showing that the parents were offered a case plan and did not substantially comply with it.
(5) The petition shall have a certified copy of the birth certificate of each child named in it attached unless the petitioner, after diligent search and inquiry, is unable to produce it, in which case the petition shall state the date and place of birth of each child, unless these matters cannot be ascertained after diligent search and inquiry or for other good cause.
(c) Verification. The petition shall be signed under oath stating the good faith of the petitioner in filing it. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(d) Amendments. At any time before the conclusion of an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion; however, after a written answer has been filed or the adjudicatory hearing has commenced, amendments shall be permitted only with the permission of the court unless all parties consent. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance shall be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(e) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of counts. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child, parent, or custodian and prejudice any of them in the preparation of a defense, the petitioner will be required to furnish a more definite statement.
(f) Voluntary Dismissal. The petitioner, without leave of the court, at any time before entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice of request of dismissal on all parties or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 48 hours. Unless otherwise stated, the dismissal shall be without prejudice.
(g) Parental Consent.
(1) The parents of the child may consent to the petition for termination of parental rights at any time, in writing or orally, on the record.
(2) If, prior to the filing of the petition for termination of parental rights, the parents have consented to the termination of parental rights and executed surrenders and waivers of notice of hearing as provided by law, this shall be alleged in the petition and *321 copies shall be attached to the petition and presented to the court.
Committee Notes
1991 Adoption. This is an entirely new part consistent with the restructuring of chapter 39, Florida Statutes, which now contains a separate part on termination of parental rights. These rules closely track the rules in Part B., Dependency, except for areas that are significant only in termination of parental rights proceedings such as provisions for an advisory hearing within 14 days and the requirement that a petition show proof of admission or consent, if alleged.
RULE 8.505. PROCESS AND SERVICE
(a) Personal Service. Upon the filing of a petition requesting the termination of parental rights a copy of the petition and notice of the date, time, and place of the advisory hearing must be personally served on
(1) the parents;
(2) the legal custodians or guardiancare-givers of the child;
(3) if the natural parents are dead or unknown, a living relative of the child, unless upon diligent search and inquiry no relative can be found;
(4) any person who has physical custody of the child;
(5) any grandparents entitled by law to priority for adoption;
(6) any prospective parent identified by law; and
(7) the guardian ad litem for the child or the representative of the guardian ad litem program, if the program has been appointed; and
(7)(8) any other person as provided by law.
(b) Contents. The document containing the notice to respond or appear shall notify the required persons of the filing of the petition and must contain in type at least as large as the balance of the document the following or substantially similar language:
“FAILURE TO RESPOND TO THIS ■NOTICE — OR—TQPERSONALLY APPEAR AT THISE ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS OF THIS CHILD (THESE CHILDREN). IF YOU FAIL EITHER TO APPEAR ON THE DATE AND TIME SPECIFIED;, OiTg-END-A-W-R-IT-TEN- RESPQNSE-TQ-TH-E- COURT- BEFORE.THA-1--TI-ME YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION ATTACHED TO THIS NOTICE.”
(e) Constructive Service. Parties upon whom personal service of process cannot be effected shall be served by publication as provided by law.
(d) Waiver of Service. Service of process may be waived, as provided by law, with regard to persons who have executed a written surrender of the children) to a licensed child-placing agency or the department. RULE 8.510. ADVISORY HEARING AND PREHEARINGPRETRIAL STATUS CONFERENCES
(a) Advisory Hearing.
(1) An advisory hearing on the petition to terminate parental rights must be held as soon as possible after service of process can be effected.
(2) The court must:
(A) advise the parents of their right to counsel and appoint counsel in accordance with legal requirements;
(B) determine whether an admission, consent, or denial to the petition shall be entered; and
(C) appoint a guardian ad litem if one has not already been appointed.
(3) If a parent served with notice fails to respond or appear at the advisory hearing, the court shall proceed as provided by law.
(4) If an admission or consent is entered, the court shall proceed to disposition as set forth in these rules. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance until the parties have sufficient time to proceed to an adjudicatory hearing.
*322 (b) PrehearinftPretrial Status Conference. Not less than 10 days Bbefore the adjudicatory hearing the court may set, or the-parties may request,shall conduct a pre-hearing status conference to determine the order in which each party may present witnesses or evidence, the order in which cross-examination and argument shall occur, and any other matters that may aid in the conduct of the adjudicatory hearing.
(c) Voluntary Terminations. An advisory hearing may not be held if a petition is filed seeking an adjudication to voluntarily terminate parental rights. Adjudicatory hearings for petitions for voluntary termination must be set within 21 days of the filing of the petition. Notice of intent to rely on this subdivision must be filed with the court as required by law.
RULE 8.515. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court.
(1) At each hearing, the court shall advise unrepresented parents of their right to have counsel present.
(2) The court shall appoint counsel for insolventindigent parents. The court may appoint counsel for other parties as provided by law.
(3) The court shall ascertain whether the right to counsel is understood. If the right to counsel is waived by any parent the court shall ascertain if the right to counsel is knowingly and intelligently waived.
(4) The court shall enter its findings with respect to the appointment or waiver of counsel of Insolventindigent parents or the waiver of the right to have counsel present.
(5) Once counsel has been retained or appointed to represent a parent, the attorney shall continue to represent the parent throughout the proceedings or until the court has approved discontinuing the attorney-client relationship. If the attorney-client relationship is discontinued, the court shall advise the parent of the right to have new counsel retained or appointed for the remainder of the proceedings.
(b) Waiver of Counsel.
(1)No waiver shall be accepted if it appears that the parent is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel shall be made in court and be of record. The court shall question the parent in sufficient detail to ascertain that the waiver is made knowingly and intelligently.
(3) If a waiver is accepted at any hearing, the offer of assistance of counsel shall be renewed by the court at each subsequent hearing at which the parent appears without counsel.
Committee Notes
1992 Amendment. Substitution of the word “counsel” maintains consistency. Deleting the word “all” makes it clear that counsel need not be appointed for all parties.
RULE 8.520. ANSWERS AND RESPONSIVE PLEADINGS
(a) No Written Answer Required. No answer to the petition need be filed by the parent. The parent of the child may enter an oral or written answer to the petition or appear and remain silent.
(b) Plea of Denial. If the parent denies the allegations of the petition, appears and remains silent, or pleads evasively, the court shall enter a denial and shall set the case for an adjudicatory hearing.
(c) Plea of Admission or Consent. If the parent appears and enters a plea of admission or consent to the termination of parental rights, the court shall determine that the admission or consent is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the plea and that the parent or custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order of adjudication.
(d) Failure to Appear or Respond. If the parent fails to personally appear or respond - at the advisory hearing, after proper notice, the failure to personally appear er-respon4-shall constitute consent for the termination of *323 parental rights by the person failing to personally appear despite being given notice.
RULE 8.525. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury utilizing the rules of evidence in use in civil cases. At this hearing the court shall determine whether the elements required by law for termination of parental rights have been established by clear and convincing evidence.
(b) Time of Hearing. The adjudicatory hearing shall be held within 45 days after the advisory hearing, unless all necessary parties stipulate to some other hearing date. Reasonable continuances may be granted for purposes of investigation, discovery, procuring counsel or witnesses, or for other good cause shown.
(c) Examination of Witnesses. A party may call any person, including a child, as a witness. A party shall have the right to examine or cross-examine all witnesses.
(d) Presence of Parties. All parties have the right to be present at all termination hearings. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law.
(e) Examination of Child. The court may hear the testimony of the child outside the physical presence of the parties as provided by rule 8.255. Counsel for the parties shall be present during all examinations. The court may limit the manner in which counsel examine the child.
(f) Previous Testimony Admissible. To avoid unnecessary duplication of expenses, in-court testimony previously given at any properly noticed hearing may be admitted, without regard to the availability of the witnesses, if the recorded testimony itself is made available. Consideration of previous testimony does not preclude the parties from calling the witness to answer supplemental questions.
(g) Joint and Separate Hearings. When 2 or more children are the subject of a petition for termination of parental rights, the hearings may be held simultaneously when the children are related to each other or involved in the same case, unless the court orders separate hearings.
(h) Motion for Judgment of Dismissal. In all termination of parental rights proceedings, if at the close of the evidence for the petitioner the parents move for a judgment of dismissal and the court is of the opinion that the evidence is insufficient to sustain the grounds for termination alleged in the petition, it shall enter an order denying the termination and proceed with dispositional alternatives as provided by law.
(i) Final Judgment.
(A) Terminating Parental Rights. If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a final judgment terminating parental rights and proceed with dispositional alternatives as provided by law. The order must contain the findings of fact and conclusions of law upon which the decision was based. The parties may stipulate, or the court may order, that parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child. If the court orders continued contact, the nature and frequency of such contact must be set forth in a written order. The visitation order may be reviewed on motion of any party, including a prospective adoptive parent, and must be reviewed by the court at the time the child is adopted.
(B) Denying Termination of Parental Rights. If the court finds after all of the evidence has been presented that the grounds for termination of parental rights have not been established by clear and convincing evidence, but that the grounds for dependency have been established by a preponderance of the evidence, the court shall adjudicate or readjudicate the child dependent and proceed with dispositional alternatives as provided by law.
(C) Dismissing Petition. If the court finds after all of the evidence has been presented that the allegations in the petition do not establish grounds for dependency or ter- *324 ruination of parental rights, it shall enter an order dismissing the petition.
RULE 8,530, DISPOSITION HEARING
(a) Information Available to-Gour-fc-^At the disposition-hearing-the-court, after establishing-compliance with the-dispositional considerations, determinations, and-diseassio-ns required-by law, may receive any relevant and material evidence-helpful in determining the proper disposition to be made.-Thls-evi-dence-shall include the predisposition -study report-and ail other written reports-required by law and may — include- but shall not be limited -to, — any—psychiatric or psychological evaluations of the child-or parent-or-c-ustedi-an that may be-obtained-and that are relevant and-material. Such evidence may be received by the court and may be-velied-arpon to the extent of-its probative value — even though-not — competent in an adjudicatory hearing-.-
(b) Disclosure-to Parties, All parties shall be entitled to-dlse-losure of all information in all reports-submitted-to-the-eourt.
(c) Orders of Disposition,-The-courf-shaii enter an order-of-disposition-as-required-day law. The-wriften-order-must contain a statement-of-the-facts-upon-which the dispositional-decision-is-basedr
(d) Termination-of-Par-ental Rights with Subsequent Visitation. The parties may stipulate,- or -the-court-may order, that parents or relatives of the parent whose rights are terminated-be-allowed-to-maintain-some contae-t-with — the-c-hild-.—If—the court orders continued- contaefr-fhe-nature and frequency of such contact-must-be-set forth in a written ordea-The-visitation order may be reviewed upon motion of any party, including a prospective-adoptive parent, and must be reviewed by the-court-at-the-time-the-ehildr-is adopted.
RULE 8.535. POST-DISPOSITION HEARINGS
(a)Initial Hearing. If the court terminates parental rights, a post-disposition hearing must be set within 30 days after the date of disposition. At the hearing, the department or licensed child-placing agency shall provide to the court a plan for permanency for the child.
(b) Subsequent Hearings. Following the initial post-disposition hearing, the court shall hold hearings every 6 months to review progress being made toward permanency for the child until the child is adopted or reaches the age of 18, whichever occurs first. Review hearings for alternative forms of permanent placement shall be held as provided by law.
(c) Continuing Jurisdiction. The court which terminates the parental rights of a child under chapter 39, Florida Statutes, shall retain exclusive jurisdiction in all matters pertaining to the child’s adoption under chapter 63, Florida Statutes.
C. DEPENDENCY FORMS
FORM 8.959. SUMMONS FOR DEPENDENCY ARRAIGNMENT
SUMMONS and NOTICE OF HEARING
STATE OF FLORIDA
TO: . (name and address of person being summoned).
WHEREAS . (petitioner’s name) .has filed in this court a petition, alleging under oath that the above-named children) is/are dependent under the laws of the State of Florida, a copy of which is attached, and requesting that a summons issue in due course requiring that you appear before this court to be dealt with according to law.
NOW, therefore, you are commanded to appear before this Court at.(location of hearing) . , at. (time and date of hearing).
FAILURE TO RESPOND TO THIS NOTICE OR TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).
IF YOU FAIL TO APPEAR YOU MAY BE HELD IN CONTEMPT OF COURT.
Witness my hand and seal of this court at. (city, county, and state)., on .(date).
*325 CLERK OF COURT
BY:
DEPUTY CLERK
FORM 8.960. DETENTIONSHELTER PETITION
DETENTION PETITION
COMES NOW, your petitioner, ..... (name) ..... , and respectfully represents that ..... (name of child) ..... , whose date of birth is .......... , 19 ..... , and who resides at ..... (address).... , or, if the child's name is unknown an identifying description for the child is ........ , is a dependent child, and your petitioner moves the court for the entry of an order placing the child in shelter and as grounds for the order would show:
1. There is probable cause that the child is dependent child within the intent and meaning of chapter 39, Florida Statutes, in that the child is either abused, abandoned, or neglected because ......
2. A detention order is necessary
.... To protect the child because .........
.... Because the child has no parent, legal custodian, or responsible adult relative to provide supervision and care for the child in that .........
3. It would be in the best interest of the childd that the child be placed in shelter.
4. The provision of appropriate and available services by the Department of Health and Rehabilitatives Services will not eliminate the need for placement in shelter because ..........
-WHEREFORE, ■ -your -petitioner- -pr-ays that-the court -will enter- an order-granting the-detention-petition-and
.... Placing the child in shelter at .......... pending further order of the court.
.... Placing the child with a responsible adult relative, ..... (name) ..... , whose address is ......... pending further order of the court
.... Placing the child in shelter at .......... , permitting the Department of Health and Rehabilitative Services to release the child to the parent(s) or a responsible adult relative when appropriate.
^-■■-.-v-Requiring the parent(s)-onl6gal-6ustodi-an of the child to contribute a reasonable sum of money as detemlned-by the court for the care and support-of-the-child.
- Requiring- the Department of -Health and-Rehabilitative Services to provide emergency-medical services by qualified medical personnel-for-the child as needed.
Petitioner
Title
[[Image here]]
Sibling-Case-Names-(if-any)..........
AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER
COMES NOW, the undersigned, who being first duly sworn says:
1. On.(date).at. a.m./p.m. the above named minor children) was/were found within the .jurisdiction of this court.
. The children) was/were taken into custody_by..........
.The children) need(s) to be taken into protective custody.
2. The name, age, and residence of this/these children) is/are:
[[Image here]]
*326 3.The name, relationship to the child(ren) and address of the child(ren)’s parents or other legal eustodian(s) is/are;
[[Image here]]
[[Image here]]
4,The following individuals who were listed in #3 above have been notified in the following manner of the date, time, and location of this hearing:
The following individuals who were listed in #3 above have not been notified of this hearing:
[[Image here]]
5.There is probable cause that reasonable grounds for removal of the child(ren) from the home exist within the intent and meaning of chapter 39, Florida Statutes, in that the child(ren)
. a. has/have been abused, abandoned, or neglected or are in imminent danger of illness or injury as a result of abuse, abandonment, or neglect;
.b. was/were with a legal custodian who has materially violated a condition of placement imposed by the court;
.c. has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care;
because
6.The provision of appropriate and available services will not eliminate the need for plaóement of the child(ren) in shelter care because:
.a. an emergency existed in which the children) could not safely remain in the home;
.b. the home situation presents a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services;
.c. the children) could not be protected in the home despite the provision of the following services and efforts made by the Department of Children and Family Services to prevent or eliminate the need for placement in shelter care:_
.d. The children) cannot safely remain at home because there are no preventive services that can ensure the safety of the child(ren).
7.The child(ren) are in need of and the petitioner requests the appointment of a guardian ad litem.
8.The petitioner requests that the parents or custodians, if able, be ordered to pay-fees for the care, support, and maintenance of the child(ren) as established by the department under chapter 39, Florida Statutes.
*327 9. This affidavit and petition is filed in good faith and under oath.
WHEREFORE, the affiant requests that this court order that this/these child(ren) be placed in the custody of the department until further order of this court and that the place of such custody shall be: .at the discretion of the Department of Children and Family Services;
. at the home of a responsible adult relative.whose address is . other
Moving Party
_attorney’s name....
_address and telephone number....
.... Florida Bar number....
Verification
NOTICE TO PARENTS/GUARDIANS/LEGAL CUSTODIANS
A date and time for an arraignment hearing is normally set at this shelter hearing. If one is not set or if there are questions, you should contact the Juvenile Court Clerk’s office at . A copy of the Petition for Dependency will be given to you or to your attorney, if you have one. A copy will also be available in the clerk’s office. You have a right to have an attorney represent you at this hearing and during the dependency proceedings and an attorney will be appointed for you if you request an attorney and the court finds that you are unable to afford an attorney.
FORM 8.961. SHELTER ORDER
SHELTER ORBE R (DEPENDENCY)
Name.
Address.
Date of birth . * Sex.
I. DATE — QE—HEARING;—PARTIES PRESENT; LEGAL REPRESENTATION
This hearing-was-held-on ;.... (date).
Present before the court were:
-HRS agent:..
-HRS attorney:...
-Mother;. ....
-Father:.:-;.
-Legal custodian:.
-Guardian ad litem: .
-Other:.,.
. The parent(s)----v-.'i- was/were . represented by comseb-as-foliows;-..
. The^ -parent(s) requested appointment of-counsel and counsel was appointed as follows: — ...
. The-parent(s) . was/were . advised of their right to counsel-arid
.. knowingly, voluntarily, and intelligently-waived-the-right.
the court declined to accept the waiver because — .
.requestedr-appointment-ofi counsel and.-the' court declined because.
II. PROBABLE-CAUSE
-There is probable-eause-to-believe that the children) .is/are . dependent based on allegations of abuse, abandonment, or- neglect in the petition-,
.... A find-ing-of-probable-cause cannot be made at -this--time, — Evidence of probable cause must-be-presented-to-the-court within *328 72 hours- from the time the children) was/were . taken into custody-or — fche child(ren) will be released.
III. NEED FOR PLACEMENT
Placement of the ch-ild(ren) in shelter care-is in the best interest of-the child(ren); continuation in the home-is-eontrary to the welfare of the child(ren-)-beeause the home situation presents -a substantial and immediate danger which cannot be mitigated by the provision of preventive servlces-and placement ■is-neees-sary to-protect the chiId(ren-)-a-s-shown by the following -facts;
. — the children) — .—is/are—. abused, neglected, or- abandoned, or . is/are .suffering from or in imminent danger of -injury — or-illness as a -result — of abuse)--negleet-or-abandonment,.specifically; .the custodian-has materially violated- a condition-of-placement imposed by the-court? specifically .
.the- children).has/have . ■-.-^-.-no parentr-legal custodian, or responsible adult relative immediately-known and available-to provide supervision and car-e — specifically:. .-
IV. REASONABLE-EFFORTS
................Reasonable efforts to -prevent-or-eliminate the need for-removing the child(ren) from the-home-have-been made by the-Department of Health- and Rehabilitative Services which -provided-the following services-to the family:..
..,.. --The-Department of Health and-Refaa-bilitative Sendees is deemed to have-made reasonable efforts-to-prevent or eliminate the need for removal from the home because?
.the first -contact -with-the-depart-menboccurred-dari&g-an emergency.
t — -.—the—appraisal of the -home.situation-by-the department indieates-a-sufestan-tial and immediate-danger to the children) whieh-cannot be mitigated by-the-prevision of preventive-services.
. the child(ren) cannot safely remain at home-beeause no services-exi-st-whieh can ensure-the-safety of the-c-hiid(-ren), or,-
even with appropriate-and available services,
the — ehild(ren)’s.safely-cannot be ensured-
It is, therefore,-
ORDERED AND ADJUDGED, as follows?
R — The child(ren)-shail be detained--in-the shelter-custody of:-
.the -Department of Health -and-Rehabilitative-Services.
[[Image here]]
2, — . This placement shall-not-change without- further-order of this court.
.Release from shelter-is-authorized at the discretion of the department. 3, — The -guardian — ad—litem . is/is not .appointed,
4 — The--parent(-s)-or-legal custodian(s) shall complete the forms -provided by the department to determ-i-ne-fhe-amount of child support which shall be paid.-The-parent(s) or legal custodia-n(s)-shali-pay child support in accordanee-with-Flerida- Statutes.
5-. — The custodian,- or-i-n the absence of the custodian-ffae-department and- its- agents-,--are hereby authorized to provide-consent for and to obtain ■ordinar-y-and-m-ecessary medical and dental treatment- and examination- for the above — children),—including blood — testing deemed-mediealiy-apprcpriate, and necessary preventive care, including ordinary-immunizations and tuberculin-testing.
—Visitation-with the-child(ren) shall be as fOllOWS;..-. V . v; . ¿ ... -
Special conditions: — .
ORDERED — at——, ■Florida^-on . (date) . , at . (time).
Circuit-Judge
*329 ORDER FOR PLACEMENT IN SHELTER
THIS CAUSE came on to be heard under chapter 39, Florida Statutes, on the sworn AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER CARE filed by (petitioner’s name) , on (date).The following persons appeared before the court:
. Petitioner . Petitioner’s attorney Mother Father(s) Legal custodian(s) . Guardian ad litem GAL attorney Other: and the Court having reviewed its file and having been otherwise duly advised in the premises finds as follows:
1. The_minor_children), . , was/were found within the .jurisdiction of this court and is/are of an age subject to the jurisdiction of this court.
2. PLACEMENT IN SHELTER.
.The minor children) was/were placed in shelter on.(date). at. a.m./p.m. by.(name)., a duly authorized agent of the department.
. The minor child(ren) need(s) to be placed in shelter at the request of the petitioner for the reasons stated in this order.
3. PARENTS/CUSTODIANS. The parents/custodians of the minor child(ren) are:
[[Image here]]
4 INABILITY TO NOTIFY AND/OR LOCATE PARENTS/CUSTODIANS. The petitioner has made a good faith effort to notify and/or locate, but was unable to notify and/or locate.(name(s))., a parent or legal custodian of the minor children),
5. NOTIFICATION. Each parent/legal custodian not listed in #4 above was:
. duly notified that the child(ren) was/ were taken into custody;
. duly notified to be present at this hearing;
.served with a statement setting forth a summary of procedures involved in dependency cases;
. advised of their right to counsel; and
. was represented by counsel, . (name).
.knowingly, voluntarily, and intelligently waived the right; or
.the court declined to accept the waiver because
[[Image here]]
.requested appointment of counsel, but the court declined appointment because he/ she did not qualify as indigent.
.requested appointment of counsel and counsel was appointed.
6. PROBABLE CAUSE.
.Based on the allegations in the Affidavit and Petition for Placement in Shelter, there is probable cause to believe that the children) is/are dependent based on allegations of abuse, abandonment, or neglect or substantial risk of same.
.A finding of probable cause cannot be made at this time. Evidence of probable cause must be presented to the court within *330 72 hours from the time the child(ren) was/ were taken into custody or the child(ren) will be released.
7.NEED FOR PLACEMENT. Placement of the children) in shelter care is in the best interest of the children). Continuation in the home is contrary to the welfare of the child(ren) because the home situation presents a substantial and immediate danger which cannot be mitigated by the provision of preventive services and placement is necessary to protect the child(ren) as shown by the following facts:
...... the children) was/were abused, abandoned, or neglected, or is/are suffering from or in imminent danger of injury or illness as a result of abuse, abandonment, or neglect, specifically: _
[[Image here]]
.the custodian has materially violated a condition of placement imposed by the court, specifically: _
[[Image here]]
. the children) has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care, specifically:_
[[Image here]]
8.REASONABLE EFFORTS.
.Reasonable efforts to prevent or eliminate the need for removing the child(ren) from the home have been made by the department, which provided the following services to the family: _
. The department is deemed to have made reasonable efforts to prevent or eliminate the need for removal from the home because
. The first contact with the department occurred during an emergency.
.The appraisal of the home situation by the department indicates a substantial and immediate danger to the children) which cannot be mitigated by the provision of preventive services.
.The children) cannot safely remain at home because no services exist that can ensure the safety of the children).
.Even with appropriate services, the child(ren)’s safety cannot be ensured.
It is, therefore, ORDERED AND ADJUDGED, as follows:
1. The children) shall remain/be placed in the shelter custody of:
. the department, with the department having the discretion to shelter the children) with a relative or other responsible adult on completion of a positive homestudy, abuse registry, and criminal background checks.
. Other:
2. The children) . may . may not be returned to the pareni/custodian without further order of this court.
3. The Guardian Ad Litem Program is appointed.
4. The parentsflegal custodian shall complete the forms provided by the department to determine the amount of child support which shall be paid. The parents/legal custodians shall pay child support in accordance with Florida Statutes.
5. The custodian, or in the absence of the custodian, the department and its agents, are hereby authorized to provided consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above children) including blood testing deemed medically appropriate, and necessary preventive care, including ordinary immunizations and tuberculin testing.
6. Visitation with the child(ren) shall be as follows: _
7. Special conditions:
8. This court retains .jurisdiction over this matter to enter any other and further orders as may be deemed to be in the best interest and welfare of this/these child(ren).
9. If a Petition for Dependency is subsequently filed in this cause, the Arraignment Hearing is scheduled for . (date):_ , at . a.m./p.m. at . (location of arraignment). The parents have a right to be represented by an *331 attorney at the arraignment hearing and during the dependency proceedings.
ORDERED in . County, Florida on . (date). , at . a.m./p.m.
Circuit Judge
FORM 8.962. MOTION FOR INJUNCTION
MOTION FOR INJUNCTION
1.(Name and address) . requests this Court, pursuant to section 39.4055504, Florida Statutes, to issue, until .the cause is disposed/., an injunction requiring . (name and address of person against whom injunction is requested).to do the following:
.Refrain from further abuse or unlawful sexual activity with fee-above named. (name(s) of children))..
.Obtain counseling as arranged by the Department of Health and Rehabilitative ServieesChildren and Family Services or as specified below.
. Have no contact with the-'child. (child(ren)’s name(s)).except as-provided below.(list acceptable contact provisions) ..
.Pay $.support for the children) and/or family.
. Vacate the home in which fee-. (child(ren)’s name(s)).reside(s) and not return until further order of the court.
. OTHER CONDITIONS:
—In-supporfc-ef-fee-above, the movant would show — .
2. Reasonable cause for the issuance of an injunction exists based on the following:
3 . (Name and address of person against whom injunction is requested).was noticed of the hearing on this motion on.(date).
. This injunction is being issued without notice because . (child(ren)’s name(s)).is/are in imminent danger, in that_
4.(Name and address of person against whom injunction is requested). can be identified by the following:
[[Image here]]
Moving Party
(attorney’s name).
(address and phone number)
(Florida Bar number).
FORM 8.963. INJUNCTION ORDER
ORDER
—THIS CAUSE coming-on to be heard before me, and the court being advised in the premises-it is
ORDERED AND ADJUDGED that. (name).do the following:
Refrain from abuse or unlawful sexual activity with the above-mentioned child(ren).
Obtain--counseling as arranged by the Department of Health.and Rehabilitative Services' or as specified below.
.... Have no contact with the children) except as provided below.
Pay support for the children) and/or-family»
■_Vacate-fee home in which the children) reside(s) and-not return.
OTHER-CONDITIONS?
[[Image here]]
*332 DONE AND ORDERED this ..... day of ..5-19 : .-in .., Florida.
Circuit Judge
INJUNCTION
THIS CAUSE came before this court on . (date). , pursuant to section 39.504, Florida Statutes. Present before the court were . (name(s)). ; and the court having heard testimony and argument and being otherwise fully advised in the premises finds:
1.That this court has .jurisdiction to issue an injunction in this cause.
2.(Name and address of person(s) against whom injunction is requested).was noticed of the hearing on this motion on.date.
. This injunction is being issued without notice because . (child(ren)’s name(s)).is/are in imminent danger, in that_
3.Reasonable cause for the issuance of an injunction exists based on the following:
[[Image here]]
4.(Name and address of person against whom injunction is requested). can be identified by the following:
[[Image here]]
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
1. Until . disposition of this cause/ . (date). /further order of this court. (name and address of person against whom injunction is requested).shall:
. Refrain from further abuse or un-lawfui sexual activity with.(name(s) of the child(ren)).
. Obtain counseling as arranged by the Department of Children and Family Services or as follows: _
. Have no contact with . (child(ren)’s name(s)).except.(list acceptable contact provisions).
. Pay $. support for the child(ren) and/or family.
. Vacate the home in which . (child(ren)’s name(s)).reside(s) and not return until further order of the court.
. OTHER CONDITIONS:
2.This court retains .jurisdiction over this cause to enter any further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).
3. All prior orders not inconsistent with the present Order shall remain in full force and effect.
DONE AND ORDERED on .(date)
[[Image here]]
Circuit Judge
Copies furnished to:
COMMENT: If injunction is issued ex parte, include the following:
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on. (date).at.a.m■/ p.m., before . (judge). , at . (location).or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at.(telephone number).
PLEASE BE GOVERNED ACCORDINGLY.
*333 FORM 8.964. DEPENDENCY PETITION
DEPENDENCY PETITION
Petitioner, Department of-Health and Rehabilitative Services/. (name). , respectfully alleges that
[[Image here]]
. is/are. dependent and-4hat this court has jurisdiction.
—lv The parent(s) or-custodians-of — -. (child’s mame).are:
[[Image here]]
COMM-E-N-Ta-Repeat this block as needed for each child.
—2-,—The child is in the care, custody, and control-of.(name) . or-wasatthe time the-dependent status arose. An affidavit pursuant to the Uniform-Child Gu-stod-y-Jur-isdiction Act.is-attached/previously -has been filed.
—¿b—The parent and/or custodian responsible for the child(ren)’s welfare has unsuccessfully participated in-the-following voluntary sendees offered by the department;
[[Image here]]
—L—T-he-parent and/or custodian responsible for the child(renys-welfare.has/has not. participated in mediation-services, and — a—mediation—agreement—r-r-r-r-.—isAs not.attached.
■ — 5,—The parent and/or custodian responsible for-the ■ ehildCrenTs-welfare faas-rojeeted the following voluntary- services-offered by the department: — ....
6, — The-department -has-determined that voluntary services are not appropriate-for this family for the following-reasons: .
—1,—The following allegations are-the specific acts or omissions that caused- the minor children) to-be-brought4>efore this-eourt-for a determination-of dependency as defined-by law: — .
—&—An affidavit of diligent- search.is attaohed/will be filed as-required by-law — ,-
-Petitioner
STATE OF FLORIDA
COUNTY OF.
—BEFORE ME, the undersigned authority, personally-appeared.(name)., the petitioner in-this-action, who.is-personally known to me/produced — —(-document)-.-: ... as identification.,-and who affirms that the allegations-are filed in good faith-and are true and-correct to the-best -of petitioner’s-knowledge.
SWORN — TO AND SUBSCRIBED before me.(date).
NOTAEYREB-LIC
Name:.
Commission No.: .. ——
My commission expires^
*334 OS
Verhteationfsee Form 8.9Q2-)
PETITION FOR DEPENDENCY
COMES NOW, Petitioner, . (name). , by and through undersigned counsel, and petitions this court to adjudicate the above-named minor child(ren) to be dependent within the meaning and intent of chapter 39, Florida Statutes. As grounds, petitioner alleges the following:
1. This court has jurisdiction over the minor children), . (name(s)). , a . (gender). child, whose date(s) of birth is/are, and who, at the time the dependency arose, was/were in the custody of .(name(s)).
2. The natural mother of the minor child(ren) is . (name(s)). , a resident of.(state)., whose address is
3.The father of the minor children), ..(name(s))...is . (name) . , whose address is.The father.is. is not married to the mother, and . is . is not listed on the child(ren)’s birth certificate(s). The mother filed a Sworn Statement About Identity or Location of Father with this court on.(date) .. which named.as the father.
4. The UCCJA Affidavit . is attached . was filed with the Court on . (date) . and is incorporated by reference.
5. The child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother/father/parents/legal custodian/caregiver(s) abused, abandoned, or neglected the minor child on or about . (date) . , by:_<C I and that these activities and environments cause the child(ren)’s physical, mental, or emotional health to be in danger of being significantly impaired.
OR
5. The above named children) is/are presently under substantial risk or imminent threat of harm or abuse or neglect, within the meaning and intent of chapter 39, Florida Statutes, which is likely to cause the child(ren)’s physical health to be significantly impaired due to the circumstances described above.
6. The department is unable to ensure the protection of the minor child(ren) without .judicial intervention,
7. The mother/father/parents has/have received the following services: _
8. A shelter hearing was held on . (date) . , and the children) was/were placed in the custody of_
9. An arraignment hearing is scheduled for.(date and time).
10. A guardian ad litem was appointed at the shelter hearing to represent the child(ren).
11. Under chapter 39, Florida Statutes, the clerk of the court is required to issue a summons to the following parents or custodians:
The natural mother, .... (name).... , whose address is_ The natural father,_(name)-, whose address is_ .(Additional fathers and their addresses) .
WHEREFORE, the petitioner asks that process may issue in due course to bring the above-named parties before the court to be dealt with according to the law, to adjudicate the named minor children) named to be dependent.
(Petitioner’s name)
.(Attorney’s name).
. (address and telephone number).
.Florida Bar number.
Verification
Certificate of service
NOTICE OF RIGHTS
PLEASE READ THIS PETITION BEFORE ENTERING THE COURTROOM.
YOU HAVE A RIGHT TO HAVE COUNSEL PRESENT AT THIS HEARING.
*335 BY COPY OF THIS PETITION, THE PARENTS, CAREGIVERS, AND/OR LEGAL CUSTODIANS ARE NOTIFIED OF THEIR RIGHT TO HAVE LEGAL COUNSEL PRESENT FOR ANY PROCEEDING RESULTING FROM THIS PETITION OR TO REQUEST THE COURT TO HAVE COUNSEL APPOINTED, IF INDIGENT.
Further, these persons are informed of the following:
An arraignment is set on this matter for . (date). , at . a.m./p.m., at .(location).
The purpose of the arraignment is to advise as to the allegations contained in the Petition For Dependency. When your case is called, the Judge will ask you to enter a plea to this petition. The plea entered may be one of the following:
1. Admit: This means you admit that the petition states the truth and you do not want a trial.
2. Consent: This means you neither admit nor deny the petition, but do not want a trial.
(If you enter either of the above two pleas, the court will set a disposition date for the matter. At disposition, the court will decide where the child will stay and under what conditions).
3. Deny: This means you deny the allegations of the petition and wish the state to attempt to prove them at a trial.
4. Continue: This means you wish time to confer with an attorney, before entering a plea. If you enter this plea, the court will schedule another hearing in approximately 2 weeks. At that time, another arraignment hearing will be held, and you (or your attorney) must enter one of the above three pleas.
In accordance with the Americans With Disabilities Act persons needing a special accommodation to participate in this proceeding should contact the office of the Court Administrator as soon as possible, but no later than 7 days before the proceeding at.(phone number).
FORM 8.965. ARRAIGNMENT ORDER
ORDER ON ARRAIGNMENT AND NOTICE OF NEXT HEARING
THIS CAUSE came to be heard on. (date)., under chapter 39, Florida Statutes on the Petition For Dependency filed by . (name). , for arraignment of . (name(s)). The following persons appeared before the Court:
.(Name)..Petitioner
. (Name). , Attorney for the petitioner
. (Name). , Attorney for the department
. (Name). , Department caseworker
.(Name)., Mother
. (Name). , Attorney for mother
.(Name).. Father of. (child).
. (Name).Attorney for father
.(Name).Guardian ad li-tem
. (Name). , Attorney for guardian ad litem
.(Name)., Legal custodian
. (Name).Attorney for legal custodian
.(Name)., Other.
The court having considered the Petition for Dependency and having heard testimony and argument, and having been otherwise duly advised in the premises finds:
1. This court has .jurisdiction over the subject matter of this action; and
2, The mother,.(name).:
.was.was not noticed of this hearing;
. did not appear, and the court: .entered a Consent by default.did not enter a consent by default;
.appeared with counsel.appeared without counsel and:
*336 .. was . was not advised of her right to legal counsel;
.. knowingly, intelligently, and voluntarily waived . did not waive her right to legal counsel; and
..was .was not determined to qualify as indigent and .was . was not appointed an attorney.
. was served with a petition for dependency, and entered a plea of:
. Admit, . Deny, . Consent, .No Plea,.Continuance
.The Petitioner
.. will continue a diligent search and will attempt service.
..is excused from further diligent search and further attempts at service.
3.The father,.(name).:
.was.was not noticed of this hearing;
. did not appear, and the court: .entered a Consent by default.did not enter a consent by default;
. appeared with counsel. appeared without counsel and:
.. was . was not advised of his right to legal counsel;
_..,. knowingly, intelligently, and voluntarily waived . did not waive his right to legal counsel; and
..was .was not determined to qualify as indigent and .was . was not appointed an attorney.
. was served with a petition for dependency, and entered a plea of;
. Admit, . Deny, . Consent, .No Plea.Continuance
.The Petitioner
.. will continue a diligent search and will attempt service.
..is excused from further diligent search and farther attempts at service.
4.That the child(ren)’s current placement in the care and custody of the department in shelter care, with the department having the discretion to release the child(ren) to a suitable adult upon completion of a positive hom-estudy:
.is not appropriate, and the child(ren) shall be returned to
.is appropriate, in that the child(ren) is/are in a setting which is as family-like as possible, consistent with the child(ren)’s best interest and special needs, and; that returning the children) to the home would be contrary to the best interest of the minor children), and; that every reasonable effort has been made to eliminate the need for placement of the children) in shelter care, but present circumstances of the child(ren) and the family are such that shelter care is the only way to ensure the child(ren)’s health, safety, and well-being.
5.Additional findings:
THEREFORE, based on the foregoing findings of fact, it is hereby ORDERED and ADJUDGED that:
1. The minor child(ren) shall
.be.returned to .remain in the care and custody of . (name).
. remain in the care and custody of the department in shelter care pending adjudication and disposition or until further order of this court.
2, The children):.is/are.is/ are not adjudicated dependent at this hearing-
3.Mediation.A case planning conference is/are ordered at this time and shall be conducted on.(date).. at .a.m./p.m., at.(location).All parties, unless otherwise specified, shall attend.
4. As to the mother,.(name).. the court:
Accepts the plea of:.Admit. Deny,.Consent,.Continuance.
.Appoints . Does not appoint an attorney.
Sets a hearing for.re-arraignment . adjudicatory trial . disposition *337 and case plan hearing . trial status on .(date).at.a.m./p.m. ..
5. As to the father, .(name). , the court:
Accepts the plea of:.Admit,. Deny,.Consent,.Continuance.
.Appoints.Does not appoint an attorney.
Sets a hearing for.re-arraignment . adjudicatory trial . disposition and case plan hearing.trial status on .(date).at.a.m./p.m.
6. All prior orders not inconsistent with the present order shall remain in full force and effect.
DONE AND ORDERED on . (date).
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on. (date).at.a.m./ p.m., before . (judge). , at . (location).or as soon thereafter as counsel can be heard.
In accordance with the Americans with Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at. (telephone number).
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
FORM 8.9656. ADJUDICATION ORDER-DEPENDENCY
ADJUDICATION ORDER (DEPENDENCY)
—A dependency — petition was filed — . (date-) -:_ — The adjudicatory hearing- on the-petition was held.(date).-All parties entitled-to notice were duly notified. Present before the court were:
—HRS-agent: .
—HRS- attorney:—
—Mother:—.
—Father:—
—Legal custodian: .
—Guardian ad-Iitem:
—Other-;-.
,.... The parent(s) — —■■■■:. was/were... represented — by—counsel-as-follows:
-.. --The parent(s) requested appointment of eounsel and counsel was appointed as follows: . — ■.
... The parent(s) — —. was/were . advised of their right to counsel-and
..knowingly, voluntarily, and intelli-gentl-y-waived-the right.
.. the court declined to-accept-the waiver because.-■■■.■.
..requested appointmont-of counsel and-the-eeurt-declined-because
———The—identity—and/or residence — of .,-4he-parent(s), ... —-is/are.. unknown to-the Department of Health and Rehabilitative Services- and an-affidavit of diligent search and inquiry has- been filed detailing tho efforts on-the part of-the-department toUocate . That affidavit; piaeed-in the court file, is made by reference a part of this order.
. Tho court has — eenducted a detailed inquiry of an available — .—parent/relative/custodiam--:-.. — pursuant—te—section 39.4051, Florida Statutes (1995),- with the -following results: .-...-...
The.parent(s)/custodian(s).
—.admitted to
—.denied
*338 —. consented-to the finding of dependency without admitting or denying-the allegations-o-f the petition.
Tho court makes-the following findings of fact by.clear and convincing/ar-prepon-deranee-of the..... evidence;
The ■ children) .was/we-re. i- years of-age at the time of the acts on omissions-for which . he/she/they. ;■_ ig/are alleged — to be dependent occurred.
. .■■■--T-he natural.mother/father.. . in this-eause.was/wers.served but failed to appear at the arraignment-hearing scheduled-on (date)-. Thus, the court ■ adjudicates — the ohild(ren) dependent based upon that person having reeelyed-no-tice of the hearing- failing-to appear, and, by operation-of Iaw--censenting-to the dependency adjudication.
~.. .■■.■■-Based on-fee presentation of evidenee and testimony of witnesses-at the-adjudicatory hearing, the-eourt ■-finds the-ehild(ren) dependent because of the-following-facts:—
—It is therefore-ADJUDGED that;
-.. . -. — The court withholds an adjudicatione-of dependency pending disposition.
.The court adjudicates the child(ren) to be dependent.
—The—children)——=—is/are. placed — íh—the—temporary—custody—ef ....■■■■;■■... pending a predisposition-study and a disposition hearing-whiekds scheduled- for .; .-.. (date).-_ ,-at .... .- (time). . at the- following location:
—ORDERED—at—.v:- .... — , —County, Florida, on -.. .... ■ .• — ... , 19-. — .....
Cireuit-Judge
ORDER OF ADJUDICATION
THIS CAUSE came before this court on .(date).. under chapter 39, Florida Statutes, for adjudication of the Petition for Dependency filed by . (petitioner’s name).Present before the court were .(Name)..Petitioner
. (Name). , Attorney for the petitioner
. (Name). , Attorney for the department
. (Name). , Department caseworker
.(Name)..Mother
. (Name). , Attorney for mother
. (Name). , Father of .(child).
. (Name). , Attorney for father
.(Name). , Guardian ad li-tem
. (Name). , Attorney for guardian ad litem
.(Name)., Legal custodian
. (Name). , Attorney for legal custodian
.(Name).. Other.
The court having heard testimony and argument and being otherwise fully advised in the premises finds:
1. That the minor children) who is/are the subject matter of these proceedings, is/ are dependent within the meaning and intent of chapter 39, Florida Statutes, and is/are (a) resident(s) of the State of Florida.
2, The mother,.(name).:
. was . was not noticed of this hearing;
.did not appear, and the court:
.entered a Consent by default.
. did not enter a Consent by default.
.appeared with counsel;
.appeared without counsel and:
.was.was not advised of her right to legal counsel,
*339 . knowingly, intelligently, and voluntarily waived.did not waive her right to legal counsel and
..was.was not determined to qualify as indigent and
..was.was not appointed an attorney.
3.The father,.(name).:
. was . was not noticed of this hearing;
.did not appear, and the court:
.entered a Consent by default.
. did not enter a Consent by default.
.appeared with counsel;
.appeared without counsel and:
.was.was not advised of his right to legal counsel,
. knowingly, intelligently, and voluntarily waived.did not waive her right to legal counsel and
..was.was not determined to qualify as indigent and
..was.was not appointed an attorney.
.4. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother,_ (name)., abuse, neglected or abandoned the_minor_children)_by . These facts were proven by . competent substantial .clear and convincing evidence.
.5. That the children) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the father, . (name). , abused, neglected or abandoned the minor child(ren) by . These facts were proven by . competent, substantial .clear and convincing evidence.
COMMENT: Use 6, 7, and 8 only if the child is in out-of-home placement.
6.That the Court finds that it is in the best of the children) to remain in out-of-home care.
7. That every reasonable effort was made to eliminate the need for placement of the child(ren) in out-of-home care but the present circumstances of the child(ren) and the .mother.father are such that out-of-home care is the only way to ensure the health, safety, and well being of the child(ren), in that_
8. That the child(ren)’s placement in .(type of placement).is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)’s best interests and special needs.
9. That returning the minor child(ren) to the custody of.(person who had previous legal custody).would be contrary to the best interest and welfare of the minor child(ren).
THEREFORE, based upon the foregoing findings, it is ORDERED AND ADJUDGED that:
1. The minor child(ren), . (name(s)). , is/are adjudicated dependent.
2. The children) shall remain in the care and custody of
.the department in shelter care
.other.(name).
pending disposition.
3. This court shall retain .jurisdiction over this cause to enter any such further orders that may be deemed necessary for the best interest and welfare of the minor children).
4. All prior orders not inconsistent with the present order shall remain in full force and effect.
5. Disposition is scheduled for . (date)., at.a.m./p.m.
DONE AND ORDERED on . date.
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on. (date).at_a.m./p.m., before. *340 (judge).. at.(location)., or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at.(telephone number).
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
FORM 8.9667 DISPOSITION ORDER— DEPENDENCYOF DISPOSITION, ACCEPTANCE OF CASE PLAN, AND NOTICE OF HEARING
■FINAL-QRDER-Q-F DISPOSI-T-ION
(DEPENDENCY)
—A- dependency petition--was- filed — . (date).... -^-The adjudicatory hearing on the petition-was held ... — (date).---... All-parties-entitled — to notice were — duly ■ notified-.Present before the court were
—HRS agent: .¡ .■-...
—HRS attorney: — .■...-.■■.
—Mother:—.
—Father: ...■.
—Legal custodian: ■■.
—Guardian ad litem: — _■■-.-.■—_■■■—.-. . .■
—Other:—.■■.■■■.-.-■■■■=..
. The parent(s) — . was/were ...... represented-by counsel as follows:
..... The parent(s) requested-appointment of-counsel and counsei-was-appointed-as-fol-■lows-: — .■. ■.:. .
.: ■..-. The parent(s) — . was/were-— .. advised of their right to counsel and
..knowingly, voluntarily, and intelligently waived the right.
..-the court-declined - to accept-the waiver because
..requested appointment of-counsel and the court declined because
. — The—identity—and/or—residence—of ..'■■■.--the parent(s); ..... is/are:- ... unknown to-the Department-of -Health and ■Rehabilitative Services and-a-n affidavit of diligent search and inquiry has been Sled detailing-the efforts on the part of the-department to locate ■■-..■■■-.--.. .■■■■: — That affidavit, placed in the court-file, is-made by reference a part of this order.
.. ;■.. The -court has- conducted a-detailed inquiry of an available ..¡-— parenVrela-tive/eustodian... —pursuant—te—section 39.4051, Florida Statutes (1995); with the- following results: — ....
The ... .■ v-parent(-s)/custodian(s).
—;-■■... did-not respond to
—-... ■■■-admitted-te
—.denied
—- ..: - consentectdo- the-findi-ng-of — dependency without admitting or denying
the-allegations of the-petition-.-
The court makes the following findings of fact by ....;■ clear and convincing/a preponderance of the.evidence:
■-.— . — the—children)—.—is/are..... . —.... years of age-at the-thne the-acts or omissions for which . he/she/they^ are-alleged to be dependent occurred.
.the natural ..... mother/father. in this cause-.was/were.-.--.. served but failed to appear at-the arraignment-hearing held on (dateR-_■■. — Thusr-the-eourt adjudicates the child(ren-)-dependen-t-based upen . that/those.person(s) having received notice of the-hearing — failing-te-ap-pear, and,-by operation of-lawy-consenting-to the dependency adjudication.
..;.. — the court finds that.the children) .is/are^.. ■.-.-dependent for the reasons found in-fee order — of-adjudication dated *341 .-which'findings-are hereby incorporated by reference as-if-restated herein.
.the, court makes-additionab findings as follows:
[[Image here]]
It is therefore ORDERED and ADJUDGED that:
■:_The-court withholds an adjudication of dependency.
. The court adjudicates the child(ren) dependent.
[in-home ^placement]
——The children-) — shall remain in the home under- the protective supervision of the department or its authorized agent so long as -■■■■■■■.. his/her/their.. safety remains ensured by-the continuing-provision of preventive services as follows: — -.—.
[out-of-home placement]
— Reasonable efforts to prevent or eliminate, the need for removal of the children) have-been made by -the- department, which provided -the-following-services to the family:
Placement of the-child(ren) outside the home-is in the best interest of the-child(ren); continuation — in.or return to the home is contrary to the welfare of the children) because the-home situation presents-a-substantial and immediate danger which cannot be mitigated- by the provision of preventive ser-viees-and-plaeement is-necessary-4o protect the child(ren).-
. — The—children)—.—is/are. placed-in the unsupervised legal-custody of ■:.=-.-■■. (the nonoffending parent-b who shall enjoy-full rights and powers as the-legal and-physical custodian of the child(ren) subject to the-following reasonable visitation by . — ¡—(the—offending—parent), -... . until further order~of the court. Whereupon the jurisdiction of this eou-rt-is hereby terminated.
—The—child(ren)—.-.—is/are., ,.. placed-in the legal custody of. under the-continuing jurisdiction of the court, . with/without. the supervision of the department or-its-authorized agent, and subject to the following-special conditions:
[[Image here]]
...... The child(ren) ..... is/are.-.... committed to the -temporary legal custody of the ■Department of Health and Rehabilitative Services for placement in-foster care.
.The-custodian, or in the absence of tho custodian, the department and-its agents, are hereby authorized to provide consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above — children),—including—blood—testing deemed medically appropriate, and necessary preventive-care, including ordinary^-immunizations ancUuberculin testing.
. The-speeial conditions-of supervision, placement-visitation, evaluation, counseling, or-treatment imposed by the court are: — ,-=•
The-parent(s) or legal custodian(s) shall complete the forms provideeb-by the department to determine the amount of child support which- shall be -paid. The parent(s) or ■legal custodian(s) shall pay child support in accordance-with-Florida- Statutes.
—- -.-. The-guardian ad litem-program--.. is-hereby appointed/shall.
—.. The-person or entity--responsible for monitoring-nervices to the child(ren) or family-is — ■ ■ ■ ..
—The case shall be--reviewed— (date)_, at . (time). , at the following location: — ..
. Other: .—
DONE-AND-ORDERED-AT ■v.-..--,-Florida,-ou-(date).
Circuit Judge
*342 ORDER OF DISPOSITION, ACCEPTANCE OF CASE PLAN, AND NOTICE OF HEARING
THIS CAUSE came before this court on .(date)., under chapter 39, Florida Statutes, for disposition of the Petition for Dependency and acceptance of the Case Plan filed by the Department of Children and Family Services.
The following persons appeared before the court:
.(Name)..Petitioner
. (Name). , Attorney for the petitioner
. (Name). , Attorney for the department
. (Name). Department caseworker
.(Name)..Mother
. (Name).Attorney for mother
.(Name). , Father of_ (child).
. (Name). , Attorney for father
.(Name).. Guardian ad li-tem
. (Name).Attorney for guardian ad litem
.(Name).. Legal custodian
. (Name). , Attorney for legal custodian
.(Name). , Other: _
The court having considered the Predisposition Study and Case Plan filed by the department and having heard testimony and argument and being otherwise fully advised in the premises finds that:
1. The minor child(ren) who is/are the subject matter of these proceedings, was/ were adjudicated dependent within the meaning and intent of chapter 39, Florida Statutes, continue to be dependent, and is/ are residents of the State of Florida.
2. The minor child(ren) is/are of an age subject to the jurisdiction of this Court.
3. The following parties were notified of this hearing and provided a copy of the Case Plan and Predisposition Report filed in this cause:
.(Name).Petitioner
. (Name). , Attorney for the petitioner
. (Name). , Attorney for the department
. (Name). , Department caseworker
.(Name)..Mother
. (Name). , Attorney for mother
.(Name). , Father of-(child).
. (Name). , Attorney for father
.(Name)., Guardian ad li-tem
. (Name). , Attorney for guardian ad litem
.(Name). , Other: _
4. The mother,.(name).:
. did not appear and . was .... was not represented by legal counsel;
. appeared.with .without legal counsel and .was .was not advised of her right to legal counsel;
. knowingly, intelligently, and voluntarily waived.did not waive her right to legal counsel; and
.was.was not determined to qualify as indigent and.was.was not appointed an attorney.
5. The father,.(name).:
.did not appear and.was_ was not represented by legal counsel;
. appeared .with . without legal counsel and .was .was not advised of his right to legal counsel;
. knowingly, intelligently, and voluntarily waived.did not waive his right to legal counsel; and
*343 .was.was not determined to qualify as indigent and.was.was not appointed an attorney.
6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan:.(names of persons notified).
7. The department filed a predisposition study with the court on . (date). This predisposition study. is . is not in compliance with the statutory requirements.
8. The department filed a case plan with the court on.(date).
a. The terms of the case plan.are . are not consistent with the requirements of the law and previous orders of this court.
b. The case plan.is.is not meaningful and designed to address the facts and circumstances on which the court based the finding of dependency.
c. The case plan.is.is not in the best interest of the minor child(ren).
d. The case plan’s stated goal of. is.is not a reasonable goal.
e. The parents.have.do not have the ability to comply with the terms of the case plan.
9. There is a need for temporary child support from . (noncustodial parent(s)).and that he/she/they.has/ have . do/does not have the ability to pay child support.
COMMENT: Use 10, 11 & 12 if children) is/are not placed in the home of a parent.
. 10. It is in the best interest of the minor child(ren) to be placed in the care and custody of.(placement ordered).
.11. Placement of the minor children) in the care and custody of. (placement ordered). is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)’s best interests and special needs.
. 12, Return of the minor children) to the custody of . (person from whom child(ren) was/were originally removed) would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely.remain. return home with services and removal of the child(ren) is necessary to protect the child(ren), in that_
.13. Prevention or reunification services .were not.were indicated and are as listed: . (services indicated). Further efforts could not have shortened separation of this family because: _
COMMENT: Use 14 if the goal of the case plan is reunification.
. 14. Reasonable efforts to prevent or eliminate the need for removal of the child(ren) have been made by the department, which provided the following services:
COMMENT: Use 15 if child(ren) remain(s) or is returned to the parent(s)
. 15. The child(ren) can safely . remain with.be returned to.(parent(s)’s name(s)).as long as he/she/they complyfles) with the following: _
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
. 1. The minor chiid(ren), . (name(s)). be placed in the custody of .(name)., under supervision of the department.
2. The predisposition study report filed by the department is:
. not accepted and a continuance was requested.
.accepted by the court.
. accepted by the court with the following amendments: _
3. The case plan filed by the department is:
.not accepted and a continuance is granted for 30 days or less.
.accepted by the court.
. accepted by the court with the following amendments: _
*344 4. All parties are ordered to comply with the provisions of the case plan and any amendments made to it.
COMMENT: Use 5,6 & 7 if children) is/are placed outside the home.
each month to . (where money is to be paid). , beginning on . (date). and continuing until such time as payments begin to be deducted by income deduction order. All child support payments shall be paid to the Clerk of the Circuit Court designated to receive child support payments. . 5. The mother, . (name). ,
(day). of each month to . (where money is to be paid). , beginning on. (date) and continuing until such time as payments begin to be deducted by income deduction order. All child support payments shall be paid to the Clerk of the Circuit Court designated to receive child support payments. . 6. The father, . (name). shall pay child support in the amount of O'
.7. The department or the out-of-home custodian shall have the right to authorize any necessary and emergency medical treatment and ordinary medical, dental, psychiatric, and psychological care for the child(ren).
8. Other:
9. All prior orders not inconsistent with the present order shall remain in full force and effect.
10. This court shall retain .jurisdiction over this cause to enter any such further orders and may be deemed necessary for the best interest and welfare of the minor child(ren).
11. This matter is scheduled for Judicial Review on . (date). at . (time).
DONE AND ORDERED in. , Florida, on.(date).
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on . (date). at . a.m./ p.m„ before . (judge).. . , at. (location)., or as soon thereafter as counsel can be heard.
In accordance with the Americans with Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at. (telephone number).
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
FORM 8,967, ORDER-ON CASE — PLAN REVIEW
ORDER ON CASE PLAN REVIEW
—The court having reviewed the-case plan-filed . (date). in -the above-styled cause, finds:
—The following persons were present: — ^
—The case plan ... is/is-not.. consistent with previous-orders-of-the court, placing the child(ren) in care,
—The-ease plan.is/is not.consistent wife the requirements for the contents of a ease plan.
—The——mother/father/legal—guardian/custodian.
——.-is/are. represented by counsel.
—.—...., -was/were-. — ... informed of their right to have legal-counsel, and have knowingly, — intelligently,—and—voluntarily waived-eounseh
—.... could not be located after-diligent searcloor.is/are.unknown.
—The parents . . were/were not.advised of their right to receive assistance from any other person in the preparation of-a case plan.
—The case plan .is/is-not.meaningful and designed to addr-ess the-faets ■ and- *345 circumstances for- -involuntary or voluntary placement.
FURTHERMORE, THE COURT OR-DERg-THAT
.... The case plan is accepted and all parties are ordered to — comply with its previsions. -r-v-r^ — The case plan is rejected because
.... The case plan is accepted subject to the following modifications: ..
An-amended' case plan-shall be-submitted to-the cour-t-for review and approval by .-(date).
DONE AND ORDERED AT., Florida;.(date)
-Circuit-Judge
Copies-to:
—Mother
—Father —Custodian(s)
—Guardian(s)
—Department of Health-and Rehabilitative Services-Legal
—Department of Health-and- Rehabilitative Sendees-caseworker
—Guardian ad litem
—Attorney for ..■
Othen.
FORM 8.969. AFFIDAVIT OF MOTHER REGARDING - UNKNOWN FATHERS: WORN STATEMENT REGARDING IDENTITY OR LOCATION OF FATHER
AFFIDAVIT OF MOTHER REGARDING ■UNKNOWN FATHER
STATE-QF FLORIDA
COUNTY OF ,-..
BEFORE ME, the undersigned authority, personally appeared-.... .■■■(name)..... , af-fiant, who — first—being duly-sworn,- deposes and says -the following regarding the identity and location of the-unkno-wn- parent-of the minor-child:
—L—I am-the mother of.(child). ..
—2,—I .was/was not.. .-.. married at the probable time of conception of the child or at the time of birth-of the child.
——I . was/was not..:., cohabiting with-a male-at the-probable time of conception- of the-child.
■ — 4—I . havadiave not--.... received payments-or-promises of support from a-man who claims to be the-father with respect to the child -or because of my pregnancy.
—ft—I . have/have net-._ named any man as the father-on the birth certifícate of - the child or in connection with applying for or receiving public assistance.
—(k—No man has acknowledged or claimed paternity of the child in a jurisdiction in which I resided at the time of-or - since-eon-ception of-the child, or in whieh-the child- has resided or-resides.
Affiant
■Before me;-the undersigned -authority, - personally appeared (name). , the affiant in this actioBr-who ... —■ is personally known — te^—me/produced—...-(document). as identification. . , and who affirms that-the allegations are filed in good faith and-are true and correct-to-the best-of petitioner’s knowledge.
.SWORN TO AND SUBSCRIBED before me.---(date).
N
SWORN STATEMENT REGARDING IDENTITY OR LOCATION OF FATHER
1. My name is:
My address is:
2. I am related to . (child’s name).because I am his/her_
3. I understand that T am answering these question under oath and from my own personal knowledge and I swear to tell the truth. I understand that this sworn statement will be filed with the court.
*346 4.The mother of the child WAS married to.(name).at the probable time of conception of the child.
OR
The mother of the child WAS NOT married at the probable time of conception of the child.
OR
I do not know whether or not the mother was married at the probable time of conception of the child.
5. The mother of this child WAS married to . (name). at the time of this child’s birth.
OR
The mother of this child WAS NOT married at the time of this child’s birth.
OR
I do not know whether the mother of this child was married at the time of this child’s birth.
6. The mother of this child WAS living with/cohabiting with . (name). at the time of the probable conception of this child.
OR
The mother of this child WAS NOT living with/cohabiting with any man at the to me of the probable conception of this child.
OR
I do not know whether the mother of this child was living with/cohabiting with any man at the probable time of conception of this child.
7.The mother of this child HAS received payments or promises of child support with respect to this child or because of her pregnancy from .(name).
OR
The mother of this child HAS NOT received payments or promises of child support with respect to this child or because of her pregnancy from anyone.
OR
I do not know whether the mother has received any payments.
8. The mother named . as the father on the child’s birth certificate.
OR
The mother DID NOT name a father on the child’s birth certificate.
OR
I do not know whether the mother named a father on the child’s birth certificate.
9. The mother named.as the father of this child in connection with applying for public assistance.
OR
The mother HAS NOT named anyone as the father of this child in connection with applying for public assistance.
OR
I do not know whether the mother has named anyone as the father of this child in connection with applying for public assistance benefits.
10.(Name). has been named in a paternity case or acknowledged paternity in a .jurisdiction where the mother lived at the time of or since the conception of this child or where this child resides or has resided.
OR
No man has been named in a paternity case or acknowledged paternity of this child in a .jurisdiction where the mother lived at the time of or since the conception of this child or where this child resides or has resided.
*347 OR
I do not know if any man has been named in a paternity suit regarding this child.
11. List the name, date of birth, social security number, and last-known address of any man listed in this sworn statement:
Name:.
Date of birth: . Social Security
No.:.
Last-known address:.
12, Do you know any other information about the identity or location of any man listed in this sworn statement? . Yes .No. If so, please give that information:
I UNDERSTAND THAT THIS DOCUMENT WILL BE FILED WITH THE COURT. UNDER PENALTY OF PERJURY. I DECLARE THAT I HAVE READ IT AND THAT THE FACTS STATED ARE TRUE.
Date:.
Signature
Witnessed by.(name)., who is an authorized agent of the Department of Children and Family Services and who attests that the person who signed this statement provided proof of identify as indicated:
. Driver’s license, number: _
. Passport, number and country: _
.Resident Alien (Green Card), number:
.Armed Forces Identification, number:
. Other:
FORM 8.970. ORDER ON JUDICIAL REVIEW
ORDER ON JUDICIAL REVIEW AND NOTICE OF NEXT HEARING
THIS CAUSE came on to be heard on .(date).for Judicial Review on the report filed by the Department of Children and Family Services in this cause under chapter 39, Florida Statutes.
The following persons appeared before the court:
.(Name)..Petitioner
. (Name). , Attorney for the petitioner
. (Name). , Attorney for the department
. (Name). , Department caseworker
.(Name).Mother
. (Name). , Attorney for mother
.(Name)., Father of. (child).
. (Name). , Attorney for father
.(Name)., Guardian ad li-tem
. (Name). , Attorney for guardian ad litem,
.(Name)., Legal custodian
. (Name). , Attorney for legal custodian
.(Name). , Other: _
and the court having considered:
. Judicial Review Social Study Report filed by the Department;
.Statement/homestudy filed by the Department;
.Report of the Guardian Ad Litem;
.Case plan filed by the Department;
.Statement by the Child’s Caretaker;
. Other:
AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:
1. That the minor child(ren) who is/are the subject matter of these proceedings, was/ were adjudicated dependent, continue to be dependent, is/are of an age subject to the .jurisdiction of the court, and is a/are resi-dentes) of the state of Florida.
*348 2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:
.(Name)..Petitioner
. (Name). , Attorney for the petitioner
. (Name). , Attorney for the department
. (Name). Department caseworker
.(Name).. Mother
. (Name). , Attorney for mother
.(Name).. Father of. (child).
. (Name). , Attorney for father
.(Name).. Guardian ad li-tem
. (Name). , Attorney for guardian ad litem
.(Name)., Legal custodian
. (Name). , Attorney for legal custodian
.(Name). , Other: _
3. The mother,.(name).:
. did not appear and . was .was not represented by legal counsel; .appeared.with.without legal counsel and .was .was not advised of her right to legal counsel; _knowingly, intelligently, and voluntarily . waived . did not waive her right to legal counsel; and
..was.was not determined to qualify as indigent and
..was.was not appointed an attorney.
4. The father,.(name).:
. did not appear and . was_was not represented by legal counsel;
. appeared.with.without legal counsel and .was .was not advised of his right to legal counsel; _knowingly, intelligently, and voluntarily .waived.did not waive his right to legal counsel; and
..was .was not determined to qualify as indigent and.was . was not appointed an attorney.
COMMENT: Repeat above for each father.
5. The department filed a judicial review report with the court on.(date). This .judicial review report.is.is not in compliance with the statutory requirements.
6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan:.(names of those notified).
7. The mother has complied with the following tasks-in the case plan: . (list tasks complied with).
8. The mother has not complied with the following tasks in the case plan: . (list tasks not complied with).
9. The father, . (father’s name).. has complied with the following tasks in the case plan:.(list tasks complied with).
10. The father, . (father’s name).. has not complied with the following tasks in the case plan: . (list tasks not complied with).
11. The mother.has.has not complied with court ordered visitation as follows: .(explanation of visitation compliance) .
12. The father, . (father’s name).. .has.has not complied with court ordered visitation as follows: . (explanation of visitation compliance).
13. The department.has.has not complied with court ordered visitation as follows:.(explanation of visitation compliance) .
14. The mother.has.has not complied with court ordered financial support for the child as follows:.(explanation of financial compliance).
*349 15. The father, . (father’s name)., .has.has not complied with court ordered financial support for the child as follows: . (explanation of financial compliance).
16. The mother .:... has.has not complied with court ordered meetings with the department as follows: . (explanation of meeting compliance).
17. The father, . (father’s name).. .has.has not complied with court ordered meetings with the department as follows: .(explanation of meetings compliance).
18. The department.has.has not complied with court ordered meetings with the parents as follows: . (explanation of meetings compliance).
COMMENT: Use 19, 20, 21, & 22 if children) is/are not placed in the home of a parent
. 19. It is in the best interest of the minor children) to be placed in the care and custody of.(placement ordered).
.20, Placement of the minor child(ren) in the care and custody of.(placement ordered). is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)’s best interests and special needs.
.21, Return of the minor children) to the custody of. (person(s) from whom child(ren) was/were originally removed). would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely.remain. return home with services and removal of the child(ren) is necessary to protect the child(ren).
.22. Prevention or reunification services .were not.were indicated and are as follows: . (services indicated). Further efforts could not have shortened separation of this family because_
COMMENT: Use 23 if child remains or is returned to the parent(s)
. 23. The children) can safely . remain with.be returned to.(parent(>s)(s’) name(s)).as long as he/she/ they comply(ies) with the following: _
The safety, well-being, and physical, mental, and emotional health of the children) is/are not endangered by allowing the child(ren) to. remain . return home.
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
1. The minor child(ren), . (name(s)). be placed in the custody of .(name)., under supervision of the department.
2. The judicial review report filed by the department is:
. not accepted and, a continuance was requested.
.accepted by the court.
3. Other:
4. All prior orders not inconsistent with the present order shall remain in full force and effect.
5. This court shall retain jurisdiction over this cause to enter any such further orders and may be deemed necessary for the best interest and welfare of the minor child(ren).
6. This matter is scheduled for Judicial Review on . (date). at . (time).
DONE AND ORDERED in . , Florida, on . (date).
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on . (date). at . a.m./ p.m., before . (judge). , at . (location)., or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days *350 before the proceeding at. (telephone number).
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
FORM 8.971. MOTION TO TERMINATE JURISDICTION
MOTION TO TERMINATE JURISDICTION
The Department of Children and Family Services, by and through its undersigned counsel, moves this court for an order terminating the court’s .jurisdiction and closing the file in the above-styled cause, and as grounds states:
1. The child(ren) was/were previously adjudicated dependent and placed into foster care by order of this court.
2. The children) has/have reached the age of majority and under chapter 39, Florida Statutes, is no longer a child and no longer subject to the .jurisdiction of the juvenile court.
WHEREFORE, the department requests that this court terminate jurisdiction in the above cause and that the case file be closed.
.(attorney’s name).
.(address and telephone number).
.(Florida Ear number).
Certificate of Service
FORM 8.972. ORDER TERMINATING JURISDICTION
ORDER TERMINATING JURISDICTION
THIS CAUSE having come before the court on motion to terminate .jurisdiction filed by the Department of Children and Family Services and the court being advised in the premises finds the following:
1. The childfren) was/were previously adjudicated dependent and placed into foster care by order of this court.
2. The child(ren) has/have reached the age of majority and under chapter 39, Florida Statutes, is no longer a child and no longer subject to the .jurisdiction of the .juvenile court.
THEREFORE, based on these findings of fact, it is ORDERED AND ADJUDGED that this court’s jurisdiction is terminated.
Circuit Judge
Copies furnished to:
D. TERMINATION OF PARENTAL RIGHTS FORMS
FORM 8.979. SUMMONS FOR ADVISORY HEARING
SUMMONS AND NOTICE OF ADVISORY HEARING FOR TERMINATION OF PARENTAL RIGHTS AND GUARDIANSHIP
STATE OF FLORIDA
TO: . (name and address of person being summoned).
WHEREAS a Petition for Termination of Parental Rights under oath has been filed in this court regarding the above-referenced child(ren), a copy of which is attached; you are hereby commanded to appear before .(judge)., at.(time and location of hearing). for a TERMINATION OF PARENTAL RIGHTS ADVISORY HEARING. You must appear on the date and at the time specified.
FAILURE TO PERSONALLY APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS TO THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED YOU MAY LOSE ALL LEGAL RIGHTS TO THE CHILD (OR CHILDREN) NAMED IN THE PETITION ATTACHED TO THIS NOTICE.
Witness my hand and seal of this court at . (city, county, state). on . (date).
CLERK OF COURT
BY:
*351 DEPUTY CLERK
FORM 8.980. PETITION FOR TERMINATION OF PARENTAL RIGHTS BASED ON VOLUNTARY RELINQUISHMENT
PETITION
—The petitioner-,-...., of .(agency)., respectfully represents that;-.-:... (name)--.-.-.. , born-the -..... day ef — ..—j-—19.—at -■i-: — .—County, State — ef ....--■■■. — ,—whose—mother’s ■name is ...... and her residence-is .-■■■.- ;-and whose ..natural/lawful-v...-father-is .. — mid—his residence is_.; is a-dependent-child because- said child-has been surrendered for the purpose of — adoption by -.. — — . — , who placed said-ehild-en-er-about . , 19. , with said . (agency)_--and who by duly-executed-written-instrument.:.. surrendered said ehild to .(agency).for adoption and waived netice-of this hearing, said surrender and waiver being-made a part hereof. That no guardian has been appointed by any court for said child.
—That-said child- is found living or domiciled Bn--..County-,- Florida.
—WHEREFORE, the petitioner requests that -process issue to bring tho parties -herein before this court;-that said child be adjudged by this court to be-dependentj-that an order be-entered in-this cause for the termination of parental rights; ■ and that -said child be placed in the custody of.(agency)-.-. -... for subsequent -adoption.
Petitioner
PETITION FOR TERMINATION OF PARENTAL RIGHTS
Petitioner,.(name).respectfully petitions this Court for termination of parental rights and permanent commitment of the minor child(ren), . (name(s)).to .(agency name).for the purpose of subsequent adoption, and as grounds states the following:
A. PARTIES
1. The child, . (name). , is a male/female child born on.(date).. at . (city, county, state). At the time of the filing of this petition, the child is .(age).A copy of the child’s birth certificate is attached to this Petition and incorporated as Petitioner’s Exhibit .
COMMENT: Repeat above for each child on petition.
2. The children) is/are presently in the care and custody of.(name).and is/are residing in . County, Florida.
3. An affidavit under the Uniform Child Custody Jurisdiction Act is attached to this as Petitioner’s Exhibit.
4. The natural mother of the child(ren) is . (name). , who resides at_
5. The natural/alleged/putative father of the child(ren).(name(s)).is. (name). , who resides at_
COMMENT: Repeat #5 as necessary.
6. A guardian ad litem .has . has not been appointed to represent the interests of the child(ren) in this cause.
B. GROUNDS FOR TERMINATION
1. The parent(s) have been advised of their right to legal counsel at all hearings that they attended.
2. The mother,.(name)., freely, knowingly, voluntarily, and . with .without advice of legal counsel executed an Affidavit and Acknowledgment of Surrender, Consent, and Waiver of Notice on . (date). , for termination of her parental rights to the minor child, . (name). , under section 39.806(l)(a), Florida Statutes.
COMMENT: Repeat above as necessary.
3. The father,.(name).. ireely, knowingly, and voluntarily, and . with *352 .without advice of legal counsel executed an Affidavit and Acknowledgment of Surrender, Consent, and Waiver of Notice on . (date). , for termination of his parental rights to the minor child. (name). under section 39.806(l)(a), Florida Statutes.
COMMENT: Repeat above as necessary.
4.Under the provisions of chapter 39, Florida Statutes, it is in the manifest best interest of the child(ren) for parental rights to be terminated for the following reasons:
.allegations which correspond to sections 39.810(1)B(11), Florida Statutes.
5. A copy of this petition shall be served on the natural mother,. (name). ; the father(s),.(name(s)).; the custodian, .(name).; and the guardian ad litem,.(name).
6. This petition is filed in good faith and under oath.
WHEREFORE, the petitioner respectfully requests that this court grant this petition; find that the parents have voluntarily surrendered their parental rights to the minor child(ren); find that termination of parental rights is in the manifest best interests of this/these children); and that this court enter an order permanently committing this/ these child(ren) to the.(name).for subsequent adoption.
. petitioner’s name and identifying information.
Verification
.(attorney’s name).
. (address and telephone number) .
.Florida Bar number.
Certificate of Service
FORM 8.981. PETITION FOR INVOLUNTARY TERMINATION OF PARENTAL RIGHTS
PETITION FOR-TERMINATION OF-PAREN-TARRIGH-Tg
—Petitioner-—... -■(-name-)-. , petitions this- court for-the entry of an order terminating-parental rights and permanently-eommit-ting- the child(ren) te — ..:■■■. for- the purpose of subsequent adoption, and-in-support thereof -respectfully shows the-court:
—L—... .■ — (name).-¡-a.-male/female . — child,—was—hem—en— (date)....: — 5—in——(city).—? . County, State-of — .
—2,—A certified copy of ■ the child(ren)’s birth certificate^) is attached.
or
—2-,—A certified copy-of the child(ron)’s birth certificate(-s) has been requested of the appropriate agency and will-be filed-when the department receives it.
—2-.—The child--is now living and-residing in ... County, Florida, and is in the cuetody-of .... (specify).
—4—An affidavit pursuant to the Uniform Child Custody Jurisdiction-Act is attached to this-petition.
—A—A guardian ad litem-has been-appointed for the children), whoso name and address ... .---is/are. .■■ — ...=...
OR
—5,—A guardian ad litem -has not been appointed for the child(ren)- and the petitioner requests that.one be appointed for these proceedings.
——The parents, legal custodian, orrela-tive(s) of-the children) arei
—The—child(ren)’s—mother—is— (name). , whose address is — t-w-
—The-child(ren)’s—-father-is— (name). ■■■■... , whose address is—
—The child(rea)’s legal custodian is (name);':;.. , whose address is — —
*353 • — 7=—It now appears4o-be--manifestly-i«4he best-i-nterest-of the-children) that an-order terminating-parental -rights and permanently committing the child4ren-)~be- entered -fbr-the following -reasons: — . ■■■.■■■■■■■■■:..
—(a) The child(ron-) — ..—was/were-.-.-.-.. adjudicated dependent — pursuant to -section 39.409, Florida Statutes.
• — (b) A disposition order was entered-pursuant-to section 39.41, Florida -Statutes.
—(c) The parents were informed of their right-te-counsel in the-dependency proceeding-pursuant to the Florida Rules of Juvenile Procedure.
—(d-)-A---- .... performance agreement/permanent placement plan. as defined in section 39.01, Florida Statutes, has been offered-to the-parents.
—(e)-The - child(ren-)’s — parents have — failed upon — expiration of — .—a performance agreement entered into/a permanent placement-plan- submitted-to-and approved-by-the court ;-.... to substantially comply with the . agreemeni/plan. This failure-is not the result of conditions beyond their-con-trob-and includes — .
—WHEREFORE, petitioner - requests — the court to take jurisdiction- of the parties-and the-subject -matter, -set-the advisory hearing within the required time, enter an order-ter-mina-tin-g — parental -rights.and placing- the child in the custody of.•■■... for-subsequent adoption-a-nd-grant any - other-appropriate relief.
—Dated this — r-m-,—day of . — , 49^^
Petitioner
PETITION FOR TERMINATION OF PARENTAL RIGHTS
Petitioner,.(petitioner’s name)., respectfully petitions this court for termination of parental rights and permanent commitment of the minor child(ren), . (name(s)). , to . (agency name). for the purpose of subsequent adoption, and as grounds states the following:
A. PARTIES
1. The child, . (name). , is a male/female child born on.(date)., at . (city, county, state). At the time of the filing of this petition, the child is .(age).A copy of the child’s birth certificate is attached to this Petition and incorporated as Petitioner’s Exhibit . COMMENT: Repeat above for each child on petition.
2. The children) is/are presently in the care and custody of.(name)., and is/are residing in. County, Florida.
3. An affidavit under the Uniform Child Custody Jurisdiction Act is attached to this as Petitioner’s Exhibit.
4. The natural mother of the children) is . (name). , who resides at_
5. The natural/alleged/putative father of the children).(name(s)).is. (name). , who resides at_
COMMENT: Repeat #5 as necessary
6. A guardian ad litem .has . has not been appointed to represent the interests of the child(ren) in this cause.
B. GROUNDS FOR TERMINATION
1. The parents have been advised of their right to legal counsel at all hearings that they attended.
2. On or about.(date(s)).. the following occurred: . (acts which were basis for dependency or TPR, if filed direct-!y).
3. The mother has . (grounds for TPR) .the minor child(ren) within the meaning and intent of section 39.806 , Florida Statutes, in that:.(allegations which form the statutory basis for grounds).
4. The father has . (grounds for TPR). the minor children) within the meaning and intent of section 39.806 , Florida Statutes, in that:.(allegations which form the statutory basis for grounds).
5. Under the provisions of sections 39.806 (l)B(ll), Florida Statutes, it is in the mani *354 fest best interests of the child(ren) for parental rights of.(name(s)).to be terminated for the following reasons:.(allegations for each statutory factor in the manifest best interest test).
6. A copy of this petition shall be served on the natural mother, . (name). , father(s),.(name(s))., the custodian, .(name).; and the guardian ad litem,.(name).
7. This petition is filed by the petitioner in good faith and under oath.
WHEREFORE, the petitioner respectfully requests that this court grant this petition; find that the parents have abused, neglected, or abandoned the minor children); find that termination of parental rights is in the manifest best interests of this/these child(ren); and that this court enter an order permanently committing this/these child(ren) to . (agency). for subsequent adoption.
.(petitioner’s name and identifying information).
Verification
.(attorneys name).
. (address and telephone number) .
.(Florida Bar number).
Certificate of Service
FORM-8,982, ADJUDICATION ORDER
ADJUDICATION-ORDER G-TE-R-MINATION OF PARENTAL RIGHTS
—This cause came before the court-for an adjudicatory hearing — on—the—petition—ef .Present before the court were:
—In addition to the testimony of those present, the court considered all documents admitted-in evidence.
—Upon all the evidence presented — after resolving-all conflicts,-the court finds-by clear and-convincing evidence that:
—Í-.—The children) — . was/were... ^.- adjudicated dependent pursuant -to- section 39.409, Florida Statutes;
—2,—An order of disposition pursuant to seetien 39.41, Florida Statutes, was entered by this court;'
—3.—The parent(s) of tho child.was/ were-.... informed of their right-to counsel at all-hearings they attended;
—4—The .■■■,■ father/mother/legal guardian/eustodian. — -was/were present at the hearing
--with counsel,.(name)-... -■■■... without-eeunsel, and were informed of their right to have legal counsel» and-haye knowingly, — intelligently,—and—voluntarily waived counsek
—5,—At least one-of the grounds-in section 39,464, Florida Statutes, have been met;
—&—A ...case plan/performance agreement/pormanent placement plan. — r-as defined in section.39.01, Florida Statutes, was offered to fee-parents;
—7=—The parents have failed to-substantial-3y — comply—wife—fee——pian/agreement.;
—8,—The manifest- best interest — of the child(ren) establish the need -for-termination of parental rights-in that — ...’.
IT-IS THEREFORE ORDERED feat a dispositional hearing in accordance with section-39.469, FloridarHtatutes-, is seheduled-fer . (dato).at-...- ■■■ .-(time).
DONE AND ORDERED at ., . , . . ..Gounty,— Florida,(date)-.,
Circuit Judge
FORM 8.983. ADJUDICATION ORDER AND JUDGMENT OF INVOLUNTARY TERMINATION OF PARENTAL RIGHTS
JUDGMENT OF INVOLUNTARY TERMINATION-OF — PARENTAL ■RIGHTS
—This cause came before the court for a disposition — hearing—on—fee—petition—ef- *355 •7-T-rm-*-!^ — for—termination—of parental rights. The court, having-heard the testimony- and received the evidence, finds the facts upon whieh-fee-decision to terminate-parental rights was based are ...
—Upon the foregoing,'the court finds-that it is--manifestly in the best interest of the eMd(ren-)-tO" terminate parental rights and place the ehild(ren-)-in-fee-custody of. (agency),_for subsequent-adoption.
—IT IS ORDERED-that the parental-rights of — —(namo(s)).—te—fee—subjeet children)- — is/are.terminated, and
IT IS, FURTHER,- - ORDERED thafethe cMd(ren)- : -.... is/are.hereby adjudged te — be—a—dependent—chiid(ren);—that the child(ren).is/are— ... hereby placed-in the custody of .. . --.-(agency).for-subsequent ADOPTION
—ORDERED at . , . County, Flor-ida-, ..... (date).
Circuit-Judge
ORDER OF ADJUDICATION AND JUDGMENT OF INVOLUNTARY TERMINATION OF PARENTAL RIGHTS
THIS CAUSE came before this court on . (date). for an adjudicatory hearing on the Petition for Termination of Parental Rights filed by . (name). Present before the court were: . (persons present).
The court has carefully considered and weighed the testimony of all witnesses. The court has received and reviewed all exhibits.
The court finds that the parent(s), . (name(s)).. has/have.(list grounds proved). , under chapter 39, Florida Statutes. The grounds were proved by clear and convincing evidence. Further, the court finds that termination of parental rights of the parent(s),.name(s).is clearly in the manifest best interests of the child(ren). The findings of fact and conclusions of law supporting this decision are as follows:
1. At all stages of these proceedings the parent(s) was/were advised of their right to legal counsel, or was/were in fact represented by counsel.
2. On or about.(date(s))., the following occurred: . (acts which were basis for dependency or TPR, if filed directly).
3. The mother has . (grounds for TPR) .the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: . (findings that form the statutory basis for grounds).
4. The father has . (grounds for TPR). the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: . (findings that form the statutory basis for grounds).
5. Under the provisions of sections 39.806 (l)B(ll), Florida Statutes, it is in the manifest best interests of the child(ren) for parental rights of.(name(s)).to be terminated for the following reasons: . (findings for each statutory factor in the manifest best interest test).
THEREFORE, after weighing credibility of witnesses, weighing all statutory factors, and based on the findings of fact and conclusions of law above, the court hereby ORDERS AND ADJUDGES THAT:
1. The petition filed by . (name) is granted as to the parent(s), .(name(s)).
2. The parental rights of the father, . (name). , and of the mother, . (name). , to the child, . (name).. are hereby terminated.
COMMENT: Repeat for each child and parent, as necessary.
3. The child(ren),. (name(s))., are placed in the custody of . (agency) .for the purpose of subsequent adoption.
4. The 30-day permanency plan required by section 39.811(8), Florida Statutes, shall be filed and heard at. (time). on . (date). in . (location).
DONE AND ORDERED on . (date). , in . (city and county) ., Florida.
*356 Circuit Judge
NOTICE
Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure, which is 30 days from the date this order is rendered (filed). Copies to:
FORM 8.984. JUDGMENT OF VOLUNTARY TERMINATION OF PARENTAL RIGHTS
JUDGMENT- OF VOLUNTARY TERMINATION OF PARENTAL BIGHTS
—This-cause came on to be heard on the petition of .. .-■■. (name).for termination of — parental rights. The court having heard the testimony^and received the evidence finds by clear-and convincing evidence--as-follews^
—L—The-subject-children),.. (name(s)). , born.(date(s)). , verification of-which being-filed herein, . - is/are . within the jurisdiction of this court.
—2=—The subject children) remain(s) dependent. — .; . — He/She/They.—has/ have:- — -—been—surrendered—by—. (name(s-)-).,.(relationship).of said-chiM(ren), who placed the children) on or about (date).with.(agency). .... and-waived notice of this hearingT said.waiver — being filed herein. The court finds-this-plaeement to be voluntary.
—3,—It is manifestly in the best interest of the — children)—to—terminate—.—his/ her..... parental rights and to place-the child(ren) in the custody of . (agency) .for subsequent adoption.
—IT IS-QRPERED that-the-parental--rights of — r—-—(namo(s)).—te—the—subject child(ren) are-terminated, and
IT IS, FURTHER, OREERED-that-4he children) .. . is/are.hereby adjudged to be dependent and.is/are.hereby placed-in-the custody of . (agency) .for subsequent-ADQPTION-
—ORDERED at .. , . County, Florida,.(date-R..
Circuit Judge
ADJUDICATORY ORDER AND FINAL JUDGMENT OF TERMINATION OF PARENTAL RIGHTS AND GUARDIANSHIP
THIS CAUSE came before this court on '. (date).for an adjudicatory hearing on the petition for termination of parental rights filed by.(name).Present before the court were: _
The mother, . (name).. and the father(s), . (name(s)). , executed voluntary surrenders of their parental rights for the minor child(ren) which are accepted by the court without objection.
The court has carefully considered the testimony of witnesses, reviewed the exhibits, reviewed the file, heard argument of counsel, and considered recommendations and arguments of all parties. The court finds by clear and convincing evidence that the parents, .(names)., have surrendered their parental rights to the minor child(ren) under section 39.806(l)(a), Florida Statutes, and that termination of parental rights is in the manifest best interest of the child(ren). The specific facts and findings supporting this decision are as follows:
1. That the mother, . (name). .was.was not personally served with the summons and the petition.
COMMENT: Service is not required if surrender was signed before filing of petition.
2, That the father, . (name). , . was_ was not personally served with the summons and the petition.
COMMENT: Service is not required if surrender was signed before filing of petition.
*357 3. That the parents were advised of their right to counsel in all prior dependency court proceedings which they attended. The mother has been represented by legal counsel, . (name). , starting on or about .(date).The father has been represented by legal counsel, . (name). , starting on or about . (date).
4. The mother,.(name)., freely, knowingly, voluntarily, and . with .without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice on . (date) , for termination of her parental rights to the minor children), under section 39.806(l)(a), Florida Statutes.
5. The father,.(name).. freely, knowingly, voluntarily, and.with. without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice on . (date)., for termination of her parental rights to the minor child(ren), under section 39.806(l)(a), Florida Statutes.
6. That at all times relevant to this action the interests of this/these child(ren) has/have been represented by a guardian ad litem. The guardian ad litem, .(name). , .agrees.does not agree that it is in the best interest of the children) for parental rights to be terminated in this cause.
COMMENT: Guardian ad litem not required in voluntary surrender.
7. Under the provisions of sections 39.810(1)B(11), Florida Statutes, it is in the manifest best interest of the children) for parental rights to be terminated for the following reasons: . (findings as to each statutory factor).
THEREFORE, it is ORDERED AND ADJUDGED that:
1. The petition for termination of parental rights is GRANTED.
2, The parental rights of the parents, . (name(s)). , to the child, . (name)., are terminated.
COMMENT: Repeat for each child on petition.
3. The child(ren), .(name(s))., is/are hereby placed in the permanent care and custody of.(agency name).for subsequent adoption.
4. A hearing for the department to provide a plan for permanency for the children) shall be held on.(date).. within 30 days of rendering of order, at . (time).
DONE AND ORDERED on . (date)., in-County, Florida.
Circuit Judge
Copies furnished to:
NOTICE
Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rule of Appellate Procedure, which is 30 days from the date this order is rendered (filed).
FORM 8.985. MOTION TO TERMINATE SUPERVISION AND JURISDICTION
MOTION TO TERMINATE SUPERVISION AND JURISDICTION
The Department of Children and Family Services, by and through its undersigned counsel, moves this court for an order terminating the department’s supervision and the court’s .jurisdiction and closing the file in the above-styled cause, and as grounds states:
1. The parental rights previously were terminated and the children) was/were permanently committed to the care and custody of the department for adoption by order of this court.
2. The adoption was finalized on . (date).
WHEREFORE, the Department of Children and Family Services requests that this *358 court terminate .jurisdiction and the department’s supervision and that the file be closed.
.(attorney’s name).
. (address and telephone number) .
.(Florida Bar number).
Certificate of Service
FORM 8.986. ORDER TERMINATING SUPERVISION AND JURISDICTION
ORDER TERMINATING SUPERVISION AND JURISDICTION
THIS CAUSE having come before the court on motion to terminate supervision and .jurisdiction filed by the Department of Children and Family Services, and the court being otherwise advised in the premises, find the following:
1. The parental rights previously were terminated and the children) was/were permanently committed to the care and custody of the department for subsequent adoption by order of this court.
2. The adoption was finalized on . (date).
THEREFORE, based on these findings of fact, it is ORDERED AND ADJUDGED:
That the supervision of the Department of Children and Family Services and this court’s jurisdiction are terminated.
DONE AND ORDERED on . (date).
Circuit Judge
Copies furnished to:

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

 If unknown, state that child-is-believed-to be-of— an-- age subject - to court jurisdiction Taken into-eustody;-Date Time ...........